## Partridge *v.* Wilsey.

Where a party residing in one place, purchases goods of another, residing at a different place, though an agent at the place where the contract is made, which goods are the property of the vendor, and ready for delivery, to be forwarded by express, and paid for with a secured note, payable in six months, the contract, under section 2409 of the Code, (Statute of Frauds,) to be valid, must be evidenced by writing.

Where a cause, in which no set-off is pleaded, is tried by the court, and the evidence offered by the plaintiff is excluded, on motion of the defendant, there is no question of fact for the court to determine, and the plaintiff may properly ask and take a non-suit.

*Appeal from the Lee District Court.*

Thursday, June 9.

This is an action to recover damages. The petition alleges that the defendant, on or about the first day of July, 1856, bargained for, and bought of, the plaintiff, and that he sold to him, a parcel of goods, at the price of $206 13, payable in six months, secured by note, with good indorser, and to be delivered to the defendant in the city of Keokuk, Iowa—the said plaintiff being a merchant, doing business in the city of New York; that afterwards, the plaintiff was

ready and willing, and tendered the said goods to the said defendant, and requested him to accept and pay for the same, as aforesaid ; and that the defendant refused to accept and pay for the said goods, by reason whereof the plaintiff was put to great expense and damage, in paying charges upon and in re-selling said goods. The defendant answered, denying all the material allegations of the petition.

, The cause was tried by the court, and it appeared that about the first of June, 1857, the defendant gave a verbal order for the goods, to an agent of the plaintiff, who was then in Keokuk, the goods to be forwarded by express, and paid for by a note, with security to be approved by the attorneys of the plaintiff; that when the goods arrived at Keokuk, they were tendered to defendant, and payment requested, in accordance with the contract ; that defendant refused to receive or pay for the goods; and that the same were sold at auction at a sacrifice. The defendant offered no evidence, but moved the court to exclude all the evidence of the plaintiff, for the reason that the evidence did not show that the contract for the goods, was in writing, or that any of the goods were delivered, or purchase money paid at the time. This motion was sustained by the court, and the court announced that it would have to find for the defendant. The plaintiff, before judgment was formally rendered, asked leave to take a non-suit, which was refused by the court, and judgment rendered against the plaintiff for costs, from which he appeals.

*Hornish & Lomax*, for the appellant.

*Noble & Strong*, for the appellee.

STOCKTON, J.—The statute provides that no evidence of any contract in relation to the sale of personal property, is competent, unless in writing, where no part of the property is delivered, and no part of the price is paid ; but that this rule does not apply, where the article of personal property sold, is not, at the time of the contract, owned by the

Partridge v. Wilsey.

vendor, and ready for delivery, but labor, skill, or money are necessarily to be expended in producing or procuring the same.   Code, sections 2409, 2411.

For the plaintiffs, reliance is placed upon the fact, that they were doing business in the city of New York, and that the contract was, that the goods were to be shipped by them immediately, to the defendant at Keokuk, Iowa, by express; and it is argued, that as the goods were not ready for delivery, but were to be shipped from New York, that money and labor must necessarily be expended in procuring them, and the case was consequently taken out of the statute, and parol evidence of the contract should have been received.

We have not been able to arrive at this conclusion.   In referring to the decisions under the seventeeth section of the English statute of frauds, (29 Charles II., ch. 3), it will be seen that where the thing contracted for, did not exist at the time of the contract, but was to be so constituted by the application of subsequent labor, and was consequently incapable of delivery, or acceptance, at the time of agreement, the contract was held not to be within this section of the statute, although the materials to be employed, did exist at the time of the contract.   Thus, a contract for a chariot to be made; or for the purchase of a quantity of oak pins, to be cut out of slabs and delivered to the buyer; or for a quantity of corn, to be threshed out, was not within the statute.   *Towers* v. *Osborne*, Str., 506; *Groves* v. *Buck*, 3 M. & S., 178; *Clapton* v. *Andrews*, 4 Burr., 2101; 2 Starkie on Evidence, 353; 4 Wheaton, 89, note.   The statute has been held to extend, however, to the sale of things which exist *in solido*, at the time of the sale, although the contract were but executory, and although the goods were to be delivered subsequently, at the same, or a different, place.   *Cooper* v. *Elston*, 7 Term Rep., 14; *Newman* v. *Morris*, 4 Har. & McHenry, 421.

If it had appeared that the goods ordered by defendant, were not owned by the plaintiffs, and not ready for delivery, because labor, skill or money must necessarily be expended, in producing or procuring them. the case would have

been taken out of the statute, and parol evidence of the contract might have been received.    The case is, however, but that of a purchase in Keokuk, of goods in New York, to be shipped to defendant, by express, in which the agreement of sale was not in writing, no part of the property delivered, and no part of the price paid.    If parol evidence of the contract can be received, we do not see that it might not be quite as competent in every other case that might arise.

The remaining question is, as to the right of the plaintiffs to suffer a non-suit.    Where no set-off is pleaded, it is allowed to the plaintiffs to submit to a non-suit, at any time before the jury return with their verdict.    Where the trial is by the court, and not by a jury, the plaintiff may suffer a non-suit at any time before the court is ready to make its decision on the question of fact, but not afterwards.    Code, sections 1803, 1804.

There was no question of fact tried by the court, in this instance.    The plaintiff offered his evidence, which was received without objection, and they rested their case.    The defendant offered no evidence, but moved the court to exclude all the evidence offered by the plaintiffs.    This motion was sustained by the court, and the evidence excluded; whereupon the court stated that it must find for the defendant. At this stage of the proceedings, the plaintiffs asked leave of the court to take a non-suit.    This leave was refused, and judgment rendered for the defendant.    We think the permission should have been granted, and the non-suit entered.    By the decision of the court, the plaintiff was left without any testimony after he had rested his case, upon the testimony admitted without objection.    When this testimony was excluded, on defendant's motion, there was nothing for the court to try, and a non-suit should have been directed.    Where a cause is submitted upon evidence on both sides, and the court is prepared to give a decision upon the facts given in evidence, there is reason in the rule of law, that a party should not be allowed, at this stage of pro-

ceedings, to take a non-suit.  He must abide the judgment of the court on the facts.  But where there is no evidence submitted—where a party is left without testimony, by the decision of the court, which *prima facie* was sufficient to establish his case—he is entitled to take a non-suit—the judgment against him should be one of non-suit.  No question of fact has been tried ; and unless the party chooses to submit his cause without evidence, he has, the right to submit to a non-suit, although the court may be prepared to make its decision.

Judgment reversed.