BROWN v. ALLEN.

1. Statute of frauds: CONTRACTS RESPECTING PERSONAL PROPERTY. That portion of our statute of frauds requiring the evidence of contracts respecting the sale of personal property, where no part of the property is delivered or price paid, to be in writing, does not, under section 4008 of the Revision, apply where the article sold is not at the time owned by the vendor and ready for delivery, and labor, skill or money are necessarily to be expended in producing or procuring the same. The same rule applies to an agreement for a lien upon, and respecting the possession of, property in this condition.

2. —— RULE APPLIED. A entered into a verbal contract with B to the effect that A should from time to time advance money to B for the purpose of enabling the latter to purchase grain; for which sums so advanced A was to have a lien upon the grain to be purchased, as security for his advances, and a right to take possession thereof whenever he deemed it for his interest. *Held*, that the contract was within the exception above stated and enforceable accordingly.

3. Damages: EXEMPLARY DAMAGES. Exemplary damages are not allowable in an action based on a trespass, which though unlawful was not malicious. Malice is not implied from the mere unlawfulness of the act.

4. Parties: ACTION BY SURVIVING PARTNER. In an action by a surviving partner for an injury to property of the partnership, it is not necessary, under our statute, to join with him the personal representative of the deceased partner. But in such case he should sue as surviving partner, and not in his own right.

5. Evidence: WHERE EXECUTOR IS PARTY. In an action by a surviving partner, for injury to property of the firm, the opposite party is not rendered incompetent by section 3982 of the Revision, which provides that a party is not competent where the adverse party is an executor or administrator. The case does not fall within either the letter or spirit of said section.

6. Damages: MEASURE OF. The measure of damages in an action of trespass for removing personal property from the premises of plaintiff, is the market value of the property taken at the time of its removal, and not what it might have been worth to plaintiff under a particular contract which he had entered into.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 7.

THIS is an action brought by the plaintiff to recover of the defendants for an alleged trespass committed by entering the warehouse of the plaintiff and taking and removing therefrom a quantity of corn. Trial by jury. Verdict and judgment for plaintiff for $3,600. Both parties appeal. The further necessary facts are stated in the opinion.

*Phillips & Phillips* for the plaintiff.

*Withrow, Gatch & Wright* for the defendants.

MILLER, J.— The plaintiff, in the first count of his petition, sues for two days' use and occupation of his warehouse, which, he alleges, the defendants

**1. STATUTE OF FRAUDS: contracts respecting personal property.** broke and entered and kept possession of, thereby depriving plaintiff of the use thereof, and destroying his business as a grain dealer and shipper.

In the second count he sues for maliciously seizing and appropriating the corn stored in the warehouse, and claims to recover three times the value thereof.

The defendants, Allen & West, answered, denying the plaintiff's possession and right of possession of the warehouse, or that the same was used by him as alleged, and deny that they willfully, forcibly or maliciously broke and entered the same, or injured the same, or the corn stored therein; and allege that one Bunnell, prior to the 10th day of July, 1871, was in possession of said warehouse doing business in his own name as a dealer in grain; that to enable said Bunnell to carry on said business, he (Bunnell) procured from the defendant Allen large sums of

money under an agreement by parol between said Bunnell and Allen, that as security for the money so advanced Allen should have a lien upon the grain gathered in by Bunnell in his said business, and the right to enter and take possession of the same on the premises in controversy at his pleasure, and remove the same, and to cause the proceeds arising from the sale thereof to be applied in the payment of the money advanced by Allen; that on the 10th day of July, 1871, Bunnell had collected in the warehouse the grain in controversy, which was the only grain upon the premises, and had been purchased in whole or in part by the money so furnished by Allen under said agreement; that Allen, assisted by the other defendants, took possession of said grain under and by virtue of said contract, peaceably and without force or malice; that at the time of taking possession Bunnell had been overpaid by Allen $3,147.80, which had not been repaid to Allen; that Allen took said corn and sold it for the highest market price, and credited the amount thereof upon said indebtedness of Bunnell.

The answer also sets up a defect of parties plaintiff, alleging that plaintiff's right of action, if any, is as the surviving partner of Bunnell, who died prior to the taking of said grain by the defendants, while plaintiff sues in his own right without joining the personal representatives of the deceased partner.

The other defendants deny the allegations of plaintiff's petition.

I. On the trial there was evidence tending to establish the contract alleged in the answer of defendants, Allen and West. The court, however, on the request of plaintiff, gave the following, among other instructions of like import, to the jury:

" The jury are further instructed that the alleged *parol* agreement with Bunnell, the deceased partner of plaintiff, gave defendants no lien upon any of the grain described

in plaintiff's petition without the possession of the same, nor did such agreement give to defendants any lawful right either as against Bunnell or the estate of Bunnell, deceased, or as against said plaintiff to forcibly seize, destroy, injure or secrete said wheat or corn."

We are of opinion that this instruction is erroneous. If the agreement between Allen and Bunnell had been for the sale of the grain by the latter to the former it would have been valid and binding and capable of being enforced although resting only in parol. By the statute of frauds (Rev., § 4007), the evidence of a contract "in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid," must as a rule be in writing to be competent, but the next section (4008) declares that this provision "does not apply when the article of personal property sold is not at the time of the contract owned by the vendor and ready for delivery, but labor, skill or money are necessarily to be expended in producing or procuring the same." See *Partridge* v. *Wilsey*, 8 Iowa, 459.

Again, our statute of frauds, unlike the English statute of 29 Charles II, does not declare the contracts enumerated therein to be void. It relates only to the evidence by which such contracts may be proved.

If, then, a parol contract for the sale of personal property, where no part of the property is delivered and no part of the price is paid, and where the property sold is not owned by the vendor at the time of the sale, but labor, skill or money are necessarily to be expended in producing or procuring the same, is a valid and binding agreement, and parol evidence be competent to establish the contract, we cannot see why a parol contract for a *lien* on personal property, under the same circumstances, is not also valid and capable of being proved by parol. An agreement for a lien is for an interest in or claim to the property less than the absolute ownership, and if a parol

agreement for a sale, which extends to absolute ownership, be valid under the circumstances, a parol agreement for the less interest would likewise be good and provable under like circumstances, on the principle that the greater includes the less. If a parol sale under such circumstances is not within the statute of frauds, neither is a parol mortgage. If the former is valid and may be enforced, so may the latter. They both rest upon the same foundation. Neither is such contract invalid because the property was not at the time in the possession of Bunnell, for it was held by this court in *Shafenburg* v. *Bishop*, *ante*, 60, that a chattel mortgage of property not in the possession of the mortgagor at the time of making the mortgage was valid, and that the mortgagee could hold the property as against an attaching creditor. See, also, in support of this doctrine, *Hart* v. *Farmers and Mechanics' Bank*, 33 Vt. 252; *Pennock* v. *Coe*, 23 How. (U. S.) 117; *Gregg* v. *Sanford*, 24 Ill.; *Langton* v. *Horton*, 1 Hare, 549; *Foreman* v. *Proctor*, 9 B. Monroe, 124; *Mitchell* v. *Winslow*, 2 Story, 230; *Carr* v. *Allatt*, 3 Hurlst. & Norm. 965.

The contract alleged in the answer is, in substance, that Allen should from time to time advance money to Bunnell for the purpose of purchasing grain, by the latter, which he did not own at the time of the contract or when the advances were made, but both money and labor were necessarily to be expended in procuring the same, and that Allen should have a lien upon the grain purchased as security for his advances, and a right to take possession of the grain when he deemed it for his interest to do so. The contract is clearly within the exceptions in the statute of frauds, and good and valid between the parties and capable of being enforced, without a delivery of the grain to Allen. The contract creating the lien carried with it the right to take possession, as an incident, and Allen might rightfully take possession, if he could do so with-

out violence or a breach of the peace. If in the exercise of this right the defendants took possession forcibly and by violence they would be liable for any injury done in thus taking possession, but not for the value of the corn taken and applied by Allen as a credit upon the debt which was a lien thereon.

II. The court instructed the jury that if they found " the entry and detention by defendants was unlawful, the

3. DAMAGES: ex-emplary.

law will presume it to have been willful and malicious, and in such case the plaintiff would be entitled to recover such damages as would fully compensate him for the wrong done to his possession and business, and such further sum as in your judgment would tend to prevent a repetition of a like wrong and injury."

This was clearly erroneous. It is an abrogation of the distinction between a simple trespass and its consequences, and a malicious one justifying exemplary damages. A simple trespass, because unlawful, might be, under the instruction, visited with punitive damages, however honestly the defendants may have believed they had the lawful right to take possession of the property in question. An unlawful act is not rendered malicious because unlawful, even where human life is taken, for a homicide may be committed without malice, express or implied. So trespasses to property though unlawful may be without malice.

III. It was objected by defendants in the court below, by answer, that the plaintiff was not entitled to maintain

4. PARTIES: action by surviving partner.

the action in his own name without joining the personal representatives of his deceased partner Bunnell.

The general rule of our statute is that " every action must be prosecuted in the name of the real party in interest." Rev., § 2758. To this rule there are exceptions. " An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a con-

tract is made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining the party for whose benefit the suit is prosecuted."

The plaintiff bases his right to recover upon the fact that he was a partner of Bunnell in the business of buying and shipping grain. The evidence tends to prove this fact (which seems not to have been known to Allen in his transactions with Bunnell). As the surviving partner the plaintiff is the trustee of a *resulting* trust, for as such he has the right to close up the affairs of the partnership, and until the affairs of the partnership are wound up the personal representatives of the deceased have no such interest in the property of the partnership as would make them necessary parties with the surviving partner in an action for an injury to the property of the partnership.

The interest, if any, of the heir or administrator in the partnership effects can only be ascertained when the affairs of the partnership are closed up. *Richards, Crumbaugh & Shaw* v. *Haines*, 30 Iowa, 574, and cases cited. So that in an action by the surviving partner for an injury to the property of the partnership, the personal representative cannot be said to be a real party in interest with the survivor. He may, therefore, sue alone without joining the personal representative, but in doing so he should sue *as surviving partner*, and not in his own right. Story's Eq. Jur., §§ 328, 344, 347.

IV. The plaintiff on his appeal assigns the following errors:

1. In overruling his demurrer to the last amended answer of defendants, Allen and West.

2. In overruling the motion to strike out parts of said answer.

3. In excluding evidence tending to prove the value to plaintiff of the grain taken and to show their contracted value at the time of taking.

4. In admitting evidence of Allen and West of verbal agreement with Bunnell before his death.

5. In refusing instructions asked by plaintiff.

6. In giving instructions asked by defendants.

7. In overruling plaintiff's motion for a new trial.

What has already been said in respect to the agreement alleged in defendant's answer disposes of the first and second errors assigned by plaintiff.

V. Under the fourth assignment it is urged in argument that the admission of the testimony of Allen as to the

5. EVIDENCE: where executor is party. agreement between him and Bunnell was erroneous. This is claimed under section 3982 of the Revision. We are unable to see any reason for excluding the evidence under this section. Brown is not the executor or administrator of Bunnell, nor does he join such personal representative with him in the action. The plaintiff sues in his own name and for his own benefit solely. This section, therefore, has no application to the question.

VI. It is urged by plaintiff's counsel that the court

6. DAMAGES: measure of. erred in excluding certain evidence proposed by him in respect to the value of the wheat.

On the trial plaintiff proposed to prove by himself as a witness that he had an outstanding contract upon which the corn taken by defendants was to be delivered, and was by his counsel asked to state what the corn was worth to *him* under that contract. This was objected to and the witness not allowed to answer.

The general rule in respect to the measure of damages in cases of trespass upon real property when personal property is removed therefrom is the value of such personal property at the time of removal. The market value is the measure of damages. *Martin* v. *Porter*, 5 Mees. & Wels. 315; *Kier* v. *Peterson*, 14 Penn. St. 357; *Morgan* v. *Powell*, 3 I. B. Pr. 278; *Cushing* v. *Longfellow*, 26 Me. 306; *Sims* v. *Glazener*, 14 Ala. 695.

The market value of the corn taken or converted is the measure of damages, and not what it might have been worth to the plaintiff under a particular contract, which would yield him a profit over and above the value of the article, especially in the absence of knowledge of such contract by defendants. *Gardner* v. *Field*, 1 Gray (Mass.), 151; *Gray* v. *Stevens*, 82 Vt. 1; *Butler* v. *Collins*, 12 Cal. 457.

VII. It follows from the views expressed in the first paragraph of this opinion that there was no error in the refusal to give the first, second, third and fifth instructions asked by plaintiff, which embody opposite views.

VIII. Plaintiff assigns as error the giving of the following instruction :

" To find the defendants liable, you must find from a preponderance of the evidence that they took possession of the property in controversy with an unlawful intent. If the defendant Allen entered upon the premises described, and then removed the grain therefrom in good faith under the claim of right to the possession in himself, and without any intent to injure the plaintiff, these facts would be sufficient to rebut the presumption of malice which might arise from the mere fact that he did take possession of the property while it was in the lawful possession of the plaintiff."

If the jury understood from this instruction that it was necessary to find an unlawful intent on the part of defendants in taking possession in order to justify them in assessing exemplary damages against the defendants, then this instruction was correct. If, however, the instruction means that, in order to find against the defendants for any sum whatever, the unlawful intent must be shown, then, though erroneous, it was so without prejudice to the plaintiff, for the jury, in this view of the instruction, must have found the unlawful intent in finding a verdict for plaintiff.

We find no error in the other instructions complained of by plaintiff. The judgment on plaintiff's appeal will be affirmed, and on that of defendants it will be

Reversed.