D. W. SALYERS V. D. M. MONROE, *et al.*, Appellants.

Negligence: INSTRUCTIONS. In an action for personal injuries, where there is a conflict in the evidence in regard to the circumstances under which the accident occurred, and there is direct evidence of proper care on the part of plaintiff, it is prejudicial error to instruct that the jury are to take into consideration the natural instinct of man to guard himself from danger and preserve himself from injury.

Witness: PERSONAL TRANSACTION. Under Code 1873, section 3639, providing that no party to any action shall be examined as a witness in regard to any communication between him and a person who is dead at the commencement of the examination, against the survivor of such deceased person, the plaintiff in an action for personal injuries against the members of a partnership is incompetent to testify to a conversation with one of the partners who dies before the trial, although his personal representative is not substituted as a party to the action.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

FRIDAY, DECEMBER 17, 1897.

ACTION at law to recover damages for personal injuries sustained by the plaintiff, for which the defendants are alleged to be liable. There was a trial by jury, and a

verdict and judgment for the plaintiff. The defend-
ants appeal—*Reversed.* .

*George D. Porter* and *J. A. Elliott* for appellants.

*C. F. Howell* and *L. T. Richmond* for appellee.

DEEMER, J.—In the latter part of the year 1893,
the defendants, D. M. Monroe, H. P. Richardson, and
John Benefiel (now deceased), constructed a coal shaft
for the purpose of opening a mine on land which
belonged to Monroe. Richardson was in charge of the
work, although Monroe assisted, and the plaintiff was
an employe. Coal was reached at a depth of about fifty
feet. The shaft was divided by partitions into three sub-
divisions or compartments, one of which was for air,
and two for hoisting purposes. The middle shaft was in
use at the time plaintiff was injured; and the men and
materials were lowered to and raised from the
bottom by means of a pulley fastened to a timber,
suspended above the mouth of the shaft. A rope
passed over the pulley, and a horse was hitched
to one end of the rope. A bucket was provided
to be fastened to the other end. Whatever was
to be raised from the shaft was attached to the lower
or shaft end of the rope, and was drawn up by the horse.
When men were raised and lowered, they sometimes
sat upon a stick which was fastened to the rope in a
horizontal position. In the latter part of September, of
the year named, when the shaft was nearly com-
pleted, the plaintiff, who was at the bottom of
the shaft, was directed by Richardson to come out,
and bring his shovel. In obedience to that order,
plaintiff fastened the stick to the rope, placed him-
self in the proper position, and, with his shovel
in one hand and the rope in the other, was drawn
towards the top of the shaft. When within five or six

feet of the top, his head came in contact with a board which had been placed across one side of the shaft for use in completing the woodwork. He was thereby thrown from the stick, and fell to the bottom, and received the injuries for which he seeks to recover. He alleges that the defendants were co-partners in sinking and completing the shaft and in opening the mine, and were responsible for Richardson's undertakings and acts connected therewith; that he had agreed, and it was his duty, to so manage the rope, when plaintiff was being drawn from the shaft, as to prevent his coming in contact with the board, but that at the time of the accident he neglected to attend to his duty with respect to the rope, and that his failure to do so, or to cause the speed of the horse to slacken as the plaintiff approached the board, was the cause of the accident. The defendants deny that they were co-partners when the accident occurred; deny that the plaintiff was employed by them; and aver that he knew of the existence of the board in question, but made no objection thereto, and continued to work without protest, thereby waiving liability on the part of the defendants on account of its proximity to the shaft. The death of Benefiel was shown at the trial, but his administrator was not substituted as a party, and the trial proceeded, and judgment was rendered against Monroe and Richardson.

I. The appellants complain because the plaintiff was permitted to testify in regard to a conversation he had with Benefiel, upon the ground that, at the time of the trial Benefiel was deceased, and for that reason the testimony was incompetent, under section 3639 of the Code of 1873. That section contains the following: "No party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communi-

cation between such witness and a person at the commencement of such examination deceased, * * * against the * * * survivor of such deceased person." It was said in *Reynolds v. Insurance Co.*, 80 Iowa, 565, that "the word 'survivor' is usually applied to the longest liver of two or more partners or trustees, and has been applied in some cases to the longest liver of joint tenants, legatees, and to others having a joint interest in anything." See, also, *Brown v. Allen*, 35 Iowa, 311, and 17 Am. & Eng. Enc. Law, 1154, and notes. A surviving partner is within both the letter and the spirit of the statute. As he cannot have the benefit of the testimony of his deceased partner as to what the conversation really was, he should not be made liable on the testimony of his adversary respecting it. Since the mouth of one of the parties to the conversation is closed by death, the law compels the other to remain silent. The fact that the representative of the deceased partner was not a party to the action is immaterial. It may be said that the defendants denied they were partners, but the testimony in question was admissible only on the theory that a partnership existed, and was subject to the statute applicable to the survivor of a deceased partner. It was held in *Brown v. Allen, supra,* that the defendant was competent to testify to an agreement made between himself and the deceased partner of the plaintiff; but that action arose under section 3982 of the Revision of 1860, which did not contain the provision which is controlling in this case. It follows from what we have said that the testimony in question was improperly received.

II.  On the trial of the case, plaintiff submitted evidence which tended to show that he was free from negligence which contributed to the accident, and that Richardson, who was at the top of the shaft, had agreed to so manage the rope as to prevent the plaintiff from coming in contact with the board, but had negligently failed to attend to that duty. The

evidence on part of the defendants tended to show that Richardson had not agreed to manage the rope as claimed; that it was not his duty to do so; and that he was not guilty of any negligence which caused or contributed to the accident. The court charged the jury that the plaintiff, in order to recover, must show that, at the time of the accident, he was in the exercise of ordinary care and caution, and that his own negligence or want of ordinary care did not contribute to the injury. The eleventh paragraph of the charge contained the following: "In considering the question of whether the plaintiff was negligent, you will take into consideration his situation, and all the facts and circumstances surrounding him at the time, his condition, as to whether he was incumbered with a shovel, or any other incumbrance, his knowledge of the dangerous position of said board, if you find it was so dangerous and he knew it, the natural instinct of man to guard himself against danger and preserve himself from injury.   *   *
   *   All these matters should be inquired into by you, and you should consider all other facts bearing upon the question as shown by the evidence, and then say whether, under all the circumstances, he acted negligently or otherwise." The jury was thus instructed to consider "the natural instinct of man to guard himself against danger, and preserve himself from injury," in determining whether plaintiff was guilty of contributory negligence. It is settled that such an instruction may be given where the care exercised by a person at the time of an accident which caused his death is in question, and direct evidence as to such care used cannot be had. *Way v. Railroad Co.*, 40 Iowa, 342. But, when there is such evidence, the instinct of self-preservation cannot be given any weight. *Dunlavy v. Railway Co.*, 66 Iowa, 439; *Whitsett v. Railway Co.*, 67 Iowa, 157; *Reynolds v. City of Keokuk*, 72 Iowa, 372. The eleventh

paragraph of the charge was therefore erroneous, for the reason that the plaintiff gave direct testimony respecting the care he used at the time of the accident. But it is said that the error was without prejudice, as he alone knew and testified as to such care. But there was a conflict in the evidence in regard to the circumstances under which the accident occurred, and the jury was told that it should consider the natural instinct of man to preserve himself from injury; and we must presume that it did so, and cannot say that it did not give any weight to the instruction.

III. Questions we have not discussed are suggested by the appellants, but some of them are not presented by proper assignment of error, some are not argued, and others are not likely to arise on another trial. Therefore we need not consider them. For the errors pointed, the judgment of the district court is REVERSED.