## ORANGE COUNTY FRUIT EXCHANGE, Appellee, v. THOMAS S. HUBBELL, Appellant.

SYLLABUS BY THE COURT.

1. PRACTICE, TRIAL—CROSS-EXAMINATION—DISCRETION OF COURT.—The limitation of cross-examination is a matter which rests in the sound discretion of the court, and unless there is manifest abuse of such discretion, the higher court will not reverse the ruling of the trial court.

2. BILL OF LADING—TITLE TO GOODS COVERED BY.—A bill of lading, *prima facie* vests the ownership of goods shipped, in the consignee, unless the contrary is shown, either in the bill of lading itself or by some extrinsic evidence.

3. APPELLATE PRACTICE—OBJECTION BY APPELLEE.—Where an appellee does not except to the amount of the judgment, the appellant can not take advantage of it by exception and appeal, even if it is erroneous, as the ruling is in his favor.

Appeal from the District Court of Bernalillo County, Second Judicial District.   Affirmed.

Facts appear in the opinion.

ALONZO B. McMILLEN for appellant.

1.  The court erred in denying defendant the right of cross-examination of the witness, McKinley, as to the facts on which he based his statement that plaintiff was the owner of the goods in question on April 14, 1896.

This point is raised by and fully set forth in the first five assignments of error.

The witness, McKinley, makes the bold statement that the plaintiff was the owner on April 14, 1896.

There is a conflict of authority as to whether such statements are evidence, or a mere conclusion of law.

The Supreme Court of Illinois, in a case involving the competency of such evidence, say:

"The following is the seventh instruction:   'That the statement of a witness that he considered the property was his own, is not evidence that it was, but merely an opinion.' The word 'consider,' as used in this connection, is an expression of an opinion, and not a positive assertion of ownership. Besides, a witness, in a conflict of ownership, should state facts, and let the jury draw the conclusion, by determining the true ownership."   Dunlap v. Berry, 4  Scammon 327, 39 Am. Dec. 413, 417.   However this may be, the authorities all agree that such statement, if admitted, is subject to the most thorough cross-examination to determine the facts supposed to constitute ownership.   Abbot's Brief on Facts, p. 236, Sec. 604.   The statement of a witness that one is the owner of property may be based, as in this case, on an entirely erroneous notion of what constitutes ownership.   If full cross-examination were not admissible the opposing litigant would be at the mercy of the stupidity or venality of the witness.

McKinley's cross-examination is copied in full in the statement of facts so that the court may readily refer to it.

The court erred not only in the exclusion of testimony, but by sustaining objections to the line of testimony and in remarks which showed the court regarded the whole cross-examination as wholly improper.

2. The burden was upon the plaintiff to establish ownership by it at the time of the alleged conversion.

The only evidence on the question of ownership was the testimony of C. G. McKinley and the bill of lading for the car of oranges which was produced by the witness, O. W. Butts, who was the agent of the Southern California Fruit Exchange at Omaha, Nebraska, the destination of the car. The Southern California Fruit Exchange was the defendant in the attachment case, and the car of oranges was attached as its property.

a. Althought the witness, McKinley, stated on direct examination that plaintiff was the owner of the car of oranges on April 14, 1896, his cross-examination showed that instead of plaintiff being the owner at that date certain growers, whose names were unknown to witness, were the owners; that the plaintiff has a capital stock actually subscribed of but $8.00. The plaintiff never bought the oranges. He says: "The Orange County Fruit Exchange is composed of its members who grow the fruit, and they are the shippers of it." He does not know who the growers of this particular fruit are. Witness' conclusion is that because certain growers agree to ship fruit through the plaintiff, that makes the plaintiff the owner.

We submit that witness' conclusion is not warranted by the evidence adduced.

b. The plaintiff's own testimony, however, shows that ownership by plaintiff, if it ever existed, ceased on April 14. Plaintiff's witness, O. W. Butts, agent of the Southern California Fruit Exchange at Omaha, Nebraska, had possession of the bill of lading for the oranges in controversy and attached the same to his deposition. By that bill of lading the plaintiff consigned the oranges in question to the Southern

California Fruit Exchange, the defendant in the attachment suit, and the sheriff attached the oranges as the property of the consignee. The plaintiff does not attempt to explain the bill of lading, and there is not a word of evidence to show that the plaintiff thereafter acquired any interest in the oranges.

The rule is well settled that the title of the consignor passes to the consignee upon delivery to the carrier, unless a bill of lading is taken to the order of the consignor, or other limitation made therein as to delivery. Benjamin on Sales (Bennet's notes), p. 331 to 334; Dow et al. v. National Exchange Bank, 91 U. S. 618; North Penn. Ry. Co. v. Com. Bank, 123 U. S. 727; Means v. Bank of Randall, 146 U. S. 620. A bill of lading is evidence of ownership in the holder thereof of the property mentioned in it, and of the right to receive said property at the place of delivery. Pollard v. Vinton, 105 U. S. 7. The consignee named in the bill of lading is presumably the owner of the goods. Lawrence v. Miturn, 17 How. 100; Fry v. U. S. (The Sally Magee) 3 Wal. 451; Holliday v. Hamilton, 11 Wal. 560, 565.

In the case of the Sally Magee, *supra,* the court say:

"The bills of lading in the case are in evidence. The goods were consigned to parties living in Richmond. This vested the ownership in them. Such is the legal effect of a bill of lading as regards the consignee, unless the contrary is shown by the bill of lading itself or by extrinsic evidence." The Sally Magee, 3 Wal. 457.

Authorities upon this proposition might be multiplied, but we deem the foregoing sufficient.

It must follow if we give the bill of lading the presumption required by law that the Southern California Fruit Exchange, and not the plaintiff, was the owner of the car of oranges at the time of the seizure by the sheriff. This court, at the last term, decided in favor of the regularity of that proceeding. Stamm v. Southern California Fruit Ex., 54 Pac. 345.

3. The judgment of the court is not supported by the findings.

The court found specifically that the value of the oranges on the day of the alleged conversion at Albuquerque was $520.00.

The undisputed evidence was that the railroad company held a carrier's lien for freight amounting to $272.14, which defendant was compelled to pay out of the proceeds of sale.

R. W. D. BRYAN for appellee.

1. The extent to which cross-examination may go is left to the sound discretion of the trial court.

The range which a cross-examination may take is left to the sound discretion of the trial court, with the exercise of which we do not interfere. A. G. Rhodes Fur. Co. v. Weedon, 19 S. Rep., Ala. 318. The extent to which cross-examination may go must necessarily be left largely to the discretion of the trial judge. Czezewzka v. Benton-Bellefontaine R. W. Co., 121 Mo. 291. We do not see any reason for refusing to allow the questions put to the witness to be answered. * * * * Notwithstanding this we do not consider the ruling of the court as one justifying a reversal of the judgment. * * * * We do not see that justice would be promoted by the interference of this court in a mere matter of discretion because of a difference of opinion with the court below as to the point at which an examination should stop. Adriance v. Arnot, 31 Mo. 471. Unless there has been a manifest abuse of discretion the court will not reverse a ruling of the lower court, limiting cross-examination. Spear v. Sweeney, 88 Wis. 545; Blitz v. United States, 153 U. S. 312. Matters within the discretion of the trial court are not re-examinable in the court of errors. Pomeroy v. Bank of Indiana, 1 Wall, 592; Springer v. United States, 102 U. S. 586.

2. The appellant was not injured by the action of the trial court in limiting the cross-examination, as he could have made the witness his own.

Where the court sustains an objection to a question asked on cross-examination, and the party has opportunity

to call the witness and ask the question on examination in chief, the exclusion of the question will not be considered harmful error.

The above is the syllabus and in the opinion the court say:

"Peter H. Genteman, a witness on behalf of the plaintiff, and a brick mason, upon cross-examination, was asked 'if all the defective portions of the west wall were taken down before they commenced to rebuild it.' The question was objected to by counsel for plaintiff as not being proper cross-examination, and the objection was sustained. It is insisted there was error in this. We think a rather strict rule was applied, and that the question might well enough have been permitted, but we do not perceive that there was any harmful error. The exclusion of the question was not absolute, but only as being improper upon cross-examination. This left it free for the defendants, when they entered upon their defense, to call the witness and renew the question to him. No other ill effect appears than such postponement of the witness' examination." Bonnet v. Glatfeldt, 11 N. E. Rep., Ills. 250.

3. The court made two findings of fact.

First—That the property seized was the property of appellee.

Second—That the damage sustained by the appellee on account of the unlawful seizure was $520.00.

The evidence fully sustained both findings.

At the time of the seizure appellant was notified that the property seized did not belong to the defendant named in the attachment writ, under which the seizure was made, but to the appellee.

1st. By written notices from the agent and from the attorney of the railroad company.

2nd. By a telegram from the Southern California Fruit Exchange, the defendant in the attachment writ, stating that the car of oranges seized was not their property.

3rd. By a telegram from the Orange County Fruit Exchange, the appellee stating that the car of oranges belonged to them.

On the trial these notices and these telegrams were introduced in evidence. Mr. C. G. McKinley, the secretary of the Orange County Fruit Exchange, the appellee, testified that the car of oranges was the property of the appellee.

The evidence to support the finding of the court as to the value of the property was ample.

The return of the sheriff showed that he sold the car of oranges for $520.00.

Appellee contends that under the evidence the judgment should have been for $602.60 instead of $520.00.

It has been often decided that a plaintiff in error can not take advantage of rulings, upon exceptions, in his own favor, even if erroneous. Bethel v. Mathews, 13 Wal. 1.

4. The findings of fact by the trial court will not be disturbed by the appellate court, if there is any evidence whatever on which they could be based, and in this case we have seen that the evidence was ample.

The court having acted in this case as a jury, so far as its decision on questions of fact is concerned, its verdict will not be set aside nor the judgment thereon reversed, in a case where there is any evidence whatever on which it could be based. Zanz v. Stover, 2 N. M. 29. Followed and approved in Torlina v. Trorlicht, 5 N. M. 148.

A finding of fact in a case at law, tried without a jury, is conclusive where there is any evidence to found it on, even though the evidence is conflicting. Hathaway v. First National Bank of Cambridge, 134 U. S. 494. See also on this point, Lynch v. Grayson, 5 N. M. 487; 7 N. M. 26.

MILLS, C. J.—This is an action of trespass, begun in the district court of Bernalillo county on the sixth day of July, 1896. The declaration alleges that on the seventh

day of April, 1896, the defendant converted to his own use a car load of oranges, of the value of $1,000, the property, goods and chattels of plaintiff, and prays judgment for $1,200. No exemplary damages are claimed. The defense is the general issue. A jury was waived and the cause was tried by the court, who gave judgment for the appellee, the plaintiff below, for the sum of $586.35.

Eight errors are assigned by the appellant. The first five of which relate to the rulings of the court in sustaining objections to the admission of certain evidence; the sixth and seventh assignments raise the question of the sufficiency of the evidence to warrant a judgment for the plaintiff, and the eighth seeks to attack the legality of the judgment of the trial court under its findings.

From the consideration of the record, which is not voluminous, it will be observed that exceptions as to the admissibility of evidence, all relate to the rulings of the court on the cross-examination of the witness, McKinley, who was called by the plaintiff. We have carefully examined the several objections to the admission of the evidence. The first relates to the amount of the paid-up capital of the Orange County Fruit Exchange, and by the last the attorney for the appellant seeks to ascertain whether or not there was an agreement among the subordinate fruit exchanges in California that no schedule of prices or quotations of prices should be issued by them. The other objections, as shown by the record, are as follows: The witness having sworn on direct examination that the oranges belonged to the appellee: (Q.) Do you know to what particular person they belonged at the time they were shipped through the medium of this exchange? The plaintiff objects, and the court sustains the objection, and defendant duly excepts. (Q.) What is the relation of the growers to this organization, on which you base your opinion as to the ownership of the property in dispute by the plaintiff? The plaintiff objects. The court sustains the objection, and

defendant duly excepts. (Q.) When or how did the plaintiff become the owner of this car of oranges? (The court) Objection is sustained to that Mr. McMillen; defendant excepts. These are all of the objections saved, and we do not find reversible error in these rulings.

It is a rule of very general application, that the extent to which a witness may be cross-examined is ordinarily a matter of discretion with the presiding judge to which no exception lies. Brumagin v. Bradshaw, 39 Cal. 24; Thornton v. Hoop, 36 Cal. 223; Stewart v. People, 23 Mich. 63, and unless there is manifest abuse of such discretion, the higher court will not reverse the ruling of the trial court on cross-examination. 8th Encycl. Plead. & Prac. 110; Spear v. Sweeney, 88 Wis. 545. "It is enough to say that upon the cross-examination much must be left to the discretion of the judge." Steene v. Rylesworth, 18 Conn. 253. Some courts go so far as to hold that "when the court sustains an objection to a question asked on cross-examination, and the party has the opportunity to call the witness and ask the question on examination-in-chief, the exclusion of the question will not be considered harmful error." Bonnet v. Glatfeldt, 11 N. E. Rep. (Ill.) 250. We do not, however, at the present time, lay down this doctrine as the law of this Territory.

*Practice: trial: cross-examination: discretion of court.*

As to the sixth and seventh assignments, it is true that the bill of lading offered in evidence shows that the carload of oranges were consigned to the Southern California Fruit Exchange, and it is also true that in law a bill of lading vests the ownership of the goods shipped in the consignee, unless the contrary is shown, either in the bill of lading itself, or by some extrinsic evidence. The Sally Magee, 3 Wall. 457. At the time the carload of oranges, the value of which are in controversy in this case, were attached as the property of the Southern California Fruit Exchange, (reported in 54 Pacific

*Bill of lading: title to goods conveyed by.*

345) notice was given to the appellant herein, by a telegram
from that company that they were not their property, but
belonged to the Orange County Fruit Exchange, and this
latter company gave notice by wire that they would sue
for their value if they were taken on attachment, and the
railroad company, which was transporting them to their
destination, also informed the appellants, in writing, that
they had been "informed by the Southern California Fruit
Exchange that they were not the owners of the oranges
which you have attached, the same being the property of the
Orange County Fruit Exchange."

On the trial, the witness, McKinley, on direct examina-
tion, testified that the oranges were the property of and
belonged to the Orange County Fruit Exchange. This
testimony is not contradicted, and is ample evidence to
show who was the real owner of the fruit, and to controvert
the *prima facie* proof made by the bill of lading.

There can in any event be no doubt but that the evi-
dence shows that the plaintiff had a special ownership in
the property, which would authorize it to sue a trespasser.
It has been so often decided by this court that the findings
of fact of a master or referee will not be disturbed by this
court unless it is manifestly wrong that it is *stare decisis*,
and we have held at the present term that the findings of
fact of a court, which tries a case, without the intervention
of a jury, is entitled to as much, if not more consideration,
than the findings of a master or referee. Marcos C. de Baca
et al. v. Pueblo of Santa Domingo, 60 Pac. Rep., p. 73.

This leaves us only the eighth assignment of error to
consider. The appellant contends that the court having
ruled that the measure of damages was the amount for
which the goods sold at sheriff's sale at Albuquerque, to
wit; $520.00, erred in giving judgment for that sum, with
interest, as the evidence showed that the defendant (the
appellant) had paid the railway company for freight $272.14,

which was owing, out of the money he received from such sale, and that the difference between the freight and the sum for which the oranges sold, or $247.86, and interest, should be the amount of the judgment, if any at all was given.

As heretofore stated, the complaint shows that no special damages are claimed, and where special damages are not claimed the general rule of law is that for the "destruction of personal property, so that the owner is wholly deprived of it, he is entitled to recover its value at the time of the trespass, and interest from that time." This is the measure of damages for the entire loss of property. 5th Am. & Eng. Encyl. of Law, p. 39, and numerous cases cited.

This court has changed this rule somewhat, and has decided in the case of Cunningham v. Sugar, 49th Pac. 910, that "in all civil actions, whether *ex contractu* or *ex delicto* * * * * the person injured shall receive a compensation commensurate with his loss or injury, and no more."

The value of the property in the nearest market is usually the measure of the plaintiff's damage. Brown v. Allen, 35 Iowa 306; Coolidge v. Choate, 11 Metcalf 79; Starkey v. Kelley, 50 N. Y. 677; and it is held in an Indiana case, that where the property is sold by the trespasser, the plaintiff is not limited in his recovery to the amount for which it was sold. Smith v. Zent, 83 Ind. 86.

There is nothing in the record to show that Albuquerque was a market, where carload lots of oranges could be sold at public auction, or that any had been previously so sold. M. P. Stamm, who attached the oranges in the original suit, and at whose instance they were sold, testified on cross-examination that he bought the oranges; that he started the bidding at $500, and that a man named Bacheci, who never bought any carload lots, bid $510; that he then bid $520, and got the lot; that no other bids were made at the sale, and that only one person in Albuquerque besides himself ever shipped in carload lots of oranges. He further testified that he "did not get out even on them,"

and therefore did not consider they were worth what he paid for them. On the other hand, the witness, McKinley, testified, that at the time of the sale the oranges were worth in Albuquerque $602.60, exclusive of freight.

We think that under the circumstances of this case, the court erred in holding that the measure of damages was what the oranges sold for at the sheriff's sale. We rather think that the court should APPELLATE prac- have been bound by the positive evidence tice: objection by appellee. of the witness, McKinley, as to their value, and that under the evidence the judgment should have been for $602.60, instead of the amount for which it was given. The appellee, however, does not except to the amount of the judgment, and the appellant can not take advantage of it by exception and appeal even if it was erroneous, as the ruling was in his favor. Bethel v. Mathews, 13 Wall. 1.

There is no reversible error, and the judgment of the court below is therefore affirmed.

Parker and McFie, JJ., concur.

Leland, J., absent, and Crumpacker, J., having tried the case below, did not participate in this decision.

{ ——————

[844.   May 2, 1900.]

SYLLABUS BY THE COURT.

