IRA E. HENDERSON ET AL., APPELLEES, V. HENRY E. WEIDMAN, APPELLANT.

FILED MARCH 24, 1911. No. 16,329.

1. **Damages, Measure of:** INJURY TO PERSONALTY. Compensation for mental suffering of the injured party is a legitimate element of damage in actions for trespass to property, where the unlawful act is inspired by fraud, malice, or like motives. But, in cases where the wrong consists in the taking or destruction of personal

property without fraud, malice, or other aggravating circumstances, the measure of damage is compensation for the plaintiff's loss.

2. **Attachment:** EXCESSIVE DAMAGES. The evidence in this case considered, and *held* to show that the damages are excessive.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed on condition.*

*E. E. Spencer* and *John E. Lowe,* for appellant.

*C. O. Whedon, J. A. Brown* and *J. T. Allensworth,* contra.

LETTON, J.

This is an action to recover damages for the malicious attachment of the household goods of the plaintiffs, who are husband and wife. The defendant is a merchant at Havelock to whom the plaintiffs were indebted in a small sum. On the 10th day of June, 1910, they intended to remove to Utica, Nebraska, and their household goods were packed and taken to the station at Havelock for shipment to that place. The next day they went to Utica and rented a house. Soon after they were notified that their goods had been attached by the defendant. They immediately returned to Lincoln and employed an attorney to act for them in the suit. The goods were held until the last week in July, when they were released from the lien of the attachment. Plaintiffs did not return to Utica, but the husband found employment in Lincoln, where they have since resided.

The affidavit for attachment was defective, and the goods seized were specifically exempt. These being the facts, the attachment proceedings were unwarranted, and the plaintiffs are entitled to recover from the defendant their actual damages sustained. The case was tried to a jury, who returned a verdict in the plaintiff's favor in the sum of $808.12.

A number of errors are assigned, but the principal contention is as to the allowance of damages for mental suffering and humiliation, the defendant insisting that the evidence is not sufficient to sustain a verdict in this respect. As we have seen, the plaintiffs had left Havelock before the goods were attached and never resided there afterwards. The only testimony in the record in respect to mental suffering or humiliation is as follows: The plaintiff Henderson testifies: "Q. You may state what, if any, effect on your feelings the attachment suits had, the attaching of your household goods, with reference to humiliation and mental anguish? A. Well, it was a whole lot. It would make any man—. Q. Just finish your answer, go on and finish your answer. A. Like any other man would feel, to have the last thing he had taken. Q. State whether or not it was a source of humiliation to you? A. It was. Q. Was it a source of mental worry and anguish? A. It was." Mrs. Henderson's testimony in this respect is: "Q. Well, state what effect the attachment of these goods had upon your peace of mind and feelings in the matter? A. I should think it would hurt any woman's feelings if somebody had taken the last thing she has, even to her clothes. It would be trying to anybody's feelings. Q. Did it have that effect upon your feelings? .A. It did." The question as to how far compensation for mental suffering may be allowed in cases of trespass to personal property is considered in *Murray v. Mace*, 41 Neb. 60, and it is there held that in a case where the unlawful act is inspired by fraud, malice, or like motives, mental suffering is a legitimate element of damage. "But in cases of trespass, where personal property is taken and carried away, in the absence of fraud, malice, or other aggravating circumstances, the measure of damage is compensation to the plaintiff for his loss, which is, as a rule, the value of the property with such incidental damage as is shown to be the natural and proximate result of the wrong charged. *Brown v. Allen*, 35 Ia. 306; *Woolley v. Carter*, 7 N. J. Law, *85; *Hopple*

*v. Higbee*, 23 N. J. Law, 342; *Cushing v. Longfellow*, 26 Me. 306; *Sims v. Glazener*, 14 Ala. 695; *Woodham v. Gelston*, 1 Johns. (N. Y.) *134; *Felton v. Fuller*, 35 N. H. 226; *Coolidge v. Choate*, 11 Met. (Mass.) 79; *Meagher v. Driscoll*, 99 Mass. 281. It is believed that no precedent can be found in the reports for the allowance of damage on account of injury to feelings in actions of this character." This was a forcible entry and detention case. *Jensen, Juhl & Hensen v. Hallam*, 51 Neb. 492, was an action for a malicious attachment, and while the former case is not mentioned in the opinion the principle therein stated is followed. The evidence in both of these cases as to mental suffering is fully as strong as that in the case at bar, but this court in each instance refused to permit the verdict to stand as to this element of damage. In both cases, however, the verdict was sustained for the amount of actual damage proved, but the plaintiffs were required as a condition of affirmance to remit the amount of judgment in excess thereof. We are convinced that this case is ruled by these decisions. No malice or ill will was proved. The testimony indicates the attachment suit was begun as a result of erroneous advice given the defendant by the justice of the peace. The costs and expenses which seem to be proper elements of damage sustained by the plaintiffs amount to the sum of about $100.

If within 40 days from the time of the filing hereof the plaintiffs shall file in this court a remittitur of all in excess of that sum, together with interest at 7 per cent. thereon from the date of judgment, the judgment of the district court will be affirmed, otherwise it will be reversed and the cause remanded for further proceedings; each party to pay his own costs in this court.

JUDGMENT ACCORDINGLY.