## ALLEY *vs.* ADAMS.

[PETITION TO CHANCERY COURT TO COMPEL A STRANGER, IN POSSESSION OF A MORTGAGED ENGINE AND FIXTURES SOLD UNDER DECREE OF FORECLOSURE, TO DELIVER TO PURCHASER CERTAIN FIXTURES CLAIMED BY STRANGER AS HIS PROPERTY AND NOT BELONGING TO ENGINE.]

1. *Intermingling of goods; when will change ownership of.*—When goods are intermixed wilfully without mutual consent, the entire property belongs to him whose property was originally invaded, if its distinctive character is thereby destroyed. If, however, the goods can be easily distinguished and separated, no change of ownership takes place.

APPEAL from Chancery Court of Macon.
Heard before Hon. N. W. Cocke.

The facts are sufficiently stated in the opinion.

G. W. GUNN, for appellant.
Neither the docket nor transcript gives the name of counsel for appellee.

B. F. SAFFOLD, J.—William Alley sold to Charles M. Caldwell and others a steam-mill engine, and the fixtures pertaining, and took a mortgage on the property to secure the payment of the purchase-money. Afterwards, on a bill by him against them, the mortgage was foreclosed and the property sold by the register. After the execution of

the mortgage and before the sale, the engine was moved and put on Adams' land. At the sale the appellant became the purchaser. She, not being able to obtain from the appellee, into whose possession the mortgaged property had passed, all the articles claimed by her under the sale, petitioned the court to compel him to surrender them. He, in response to a notice to show cause why the prayer of the petition should not be granted, answered that he was and had been willing to surrender what justly belonged to the appellant, but there were certain specified articles, to-wit, a steam chest, feed pipe, mill rocks and gearing, &c., which had never belonged to the mortgagors, and were not included in the mortgage, but had been purchased by him, since the execution of the mortgage, and attached to the mortgaged machinery, and these were his own property ; that they could readily be detached without injury, and were known and easily distinguishable from the other machinery.    These facts were sustained by the proof.    The chancellor granted the relief asked respecting such portions of the property as were embraced in the mortgage, but refused to require the appellee to deliver the specified articles purchased by him, and taxed the petitioner with the costs.    From this judgment she appeals.

It is not claimed by the appellant that the articles she seeks to recover were included in the mortgage.    Her proposition is that they were so joined to those which she purchased they could not be severed.    They are not fixtures because they are not annexed to the freehold.—Chit. on Contracts, 314.    Property in goods and chattels may be obtained by accession, under which is included admixture or confusion of goods.—Kent's Com. vol 2, p. 360.    When goods are intermixed willfully without mutual consent, the entire property belongs to him whose property was originally invaded, and its distinctive character destroyed.    But if the goods can be easily distinguished and separated, no charge of property takes place.—*Ib*. 364.

In this case the answer of the appellee, and the affidavits in support of it—there was no contradictory evidence whatever—specify distinctly the articles claimed and retained by

the appellee, and state unequivocally that they can be separated from the mortgaged property without injury to it. The decree is affirmed.