# Union Warehouse & Elevator Co. *v.* McIntyre.

*Attachment for Rent of Building and Land.*

1. *Landlord and tenant; lien for rent; property subject thereto.*—A lease describing the premises as about one and a half acres of land, on which was to be erected, by the landlord, a mill and cotton gin, and letting in addition an acre contiguous and under the same common fence with the above, on which the landlord was to erect a dwelling-house, contains this clause: "To have and to hold the aforesaid piece of land with the appurtenances thereon, for the purpose of carrying on a ginning and milling business."   The landlord complied with his stipulations.   *Held*, that the lien of the landlord of store-houses, dwelling-houses, or other buildings, under section 3069 Code of 1886, enforced by attachment under the statute, on the machinery in the gin and mill, is superior to a mortgage executed by the tenants on such machinery after it has been placed on the premises.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

McIntyre, the landlord, sued out an attachment against W. J. & C. E. Robertson, tenants, under the statute giving this remedy, for unpaid rent of certain buildings and land leased to said tenants. The attachment was levied on a steam engine, boiler, &c., in said buildings, which said engine, boiler, &c., had been mortgaged to the appellant and claimant after their erection in said buildings. After the levy, appellant claimed the property and executed the claim bond and took possession of the property.

TROY, TOMPKINS & LONDON, for appellant.

RICE & WILEY, contra. ·

STONE, C. J.—The present suit was commenced by attachment for the recovery of rent, under the statute (Sess. Acts 1882–3, p. 175), as amended by act approved February 17, 1885 (Sess. Acts, 131). The substance of the first section of the act, as amended, constitutes section 3069 of the Code of 1886, and is as follows: "The landlord of any storehouse, dwelling-house, or other building, shall have a lien on the goods, furniture and effects belonging to the tenants, for his rent, which shall be superior to all other liens, except those for taxes." The succeeding sections of the Code, up to and including section 3074, provide a remedy for enforcing this lien, and declare the extent of it. As we understand the questions raised on the trial of the present case, no objection was raised to the nature or bona fides of the debt, or to the form of the proceedings resorted to for enforcing its collection. The real and only contention was, that the house and premises, for the rent of which the notes were given, do not make a case within the provisions of the statute.

The lease was granted and taken in June, 1883, to continue for five years, at a rent rate to be paid semi-annually. The premises are described as "about one and a half acres of land immediately upon and along the Montgomery Southern railway." On this lot the landlord was to erect, and did erect a house of stipulated dimensions, adapted to and suitable for a mill and cotton ginnery. The lease also described and let another acre of ground about five hundred yards distant, on which the landlord was to erect and did erect a three-room dwelling. After describing both lots, and the improve-

ments to be placed on them, the lease contains this clause: "To have and to hold the aforesaid pieces of land, with the appurtenances thereon, for the purpose of carrying on a ginning and milling business." The tenants put the mill and gin in operation, furnishing for the purpose of supplying motive power, an engine steam boiler, and other machinery necessary to drive the gin and mill. These were in place, and on the premises, when they were attached at the suit of the landlord for matured, unpaid rent. The bill of exceptions recites that the two lots of land embraced in the lease were "contiguous and under one common fence."

Claimant rested its title and claim on a mortgage executed by the tenant to it, after the machinery had been placed, and put in use on the rented premises. The machinery so remained in place until the attachment was levied. The trial court decided that the landlord had the superior lien, and that presents the sole question for decision.

We have another statute giving to the landlord of agricultural lands a lien on the crops grown on rented premises, and on some other chattels, for rents due, and for advances made by the landlord.—Code of 1886, § 3056.

We think the proper test for determining which of these statutes is applicable to any given case of tenancy, is to inquire whether the store, dwelling or other house, on the one hand, or the land to be cultivated on the other, was the leading inducement for taking the lease.

Testing this case by the principle announced, we feel no hesitancy in holding that it is governed by section 3069 of the Code of 1886, and the Circuit Court did not err in holding that the landlord's lien was superior to that of the claimant.

It is possible that cases may arise presenting features of each of these systems. This is not one of them.

Affirmed.