# McClendon *v.* McKissack.

*Motion for New Trial.*

1. *Charge of Court; argumentative charge.*—Written charges, which are argumentative in form, are properly refused.
2. *Charge of Court; commingling of goods.*—The mere commingling by a person of his goods, with those of another, does not destroy the owner's property rights in his own goods, unless by such commingling the identity of the goods be lost, or unless such commingling was done with a fraudulent intent and purpose.
3. *Charge of Court; motion for new trial; evidence.*—On a motion for new trial, the same should not be granted because the court refused a charge which confined a party, in meeting the burden of proof placed on him by the proven circumstances, to the introduction of other evidence, and ignored his right to offer evidence explanatory of facts and circumstances introduced by his opponent.

[McClendon v. McKissack.]

4. *New trial; conflicting evidence.*—A verdict of a jury will not be set aside on appeal, merely because a party, examined on his own behalf, makes contradictory statements; the opportunities for determining the weight and sufficiency of the evidence by the lower court and the jury, being better than the opportunities of the appellate Court.

5. *Same; newly discovered evidence.*—Where, by a proper examination of a party testifying in his own behalf, certain facts might have been shown, such facts are not proper matter upon which to base a motion for a new trial on ground of newly discovered evidence. A new trial on the ground of surprise will not be granted unless the movant claimed, at the trial,, to be surprised.

APPEAL from Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This appeal is taken by appellant, W. A. McLendon, from the action of the lower court in refusing to grant a new trial in a certain cause, brought by appellee, R. L. McKissack, against appellant and others, based on the official bond of the defendant, as sheriff of Henry county, alleging that the said sheriff had wrongfully levied upon and sold certain property of the plaintiff, under an attachment against one S. J. McKissack. The grounds of the motion were that the verdict was contrary to the evidence, that the court erred in refusing certain written charges requested by the defendant, and, also, that certain new and material evidence had been discovered since the trial. The charges which are insisted upon as having been wrongfully refused, are as follows; in the 4th assignment of error, "The court charges the jury that the law abhors fraud;" 5th assignment, "The court charges the jury that it is a sound rule of law, that, if a witness is found to wilfully swear falsely in one material thing, the jury may disregard the whole of his testimony;" 6th assignment, "The court charges the jury that, in order that the plaintiff may recover in this suit the value of the stock of goods levied on by the sheriff, he must reasonably satisfy you that the entire stock of goods so levied on belonged to him, and, failing in this, he cannot recover the value of such goods;" 7th assignment, "If any witness testifying has been impeached,

[McClendon v. McKissack.]

the jury may disregard the entire testimony of such witness, and if, after weighing all the evidence and according to each part of it such weight as it is entitled, you are not reasonably convinced that the plaintiff ought to recover, your verdict must be for the defendants;" 8th assignment, "The court charges the jury that, if they are reasonably satisfied from all the evidence that the property levied on by the sheriff, or that any portion of the same, was the property of S. J. McKissack, at the time of the levy, then your verdict must be for the defendants;" 9th assignment, "The court charges the jury that, if they return a verdict against the defendants in this case, that it will affect these defendants alone, and if they are worth the judgment, will have it to pay;" 10th assignment, "The court charges the jury that, if they are reasonably satisfied from the entire evidence that the plaintiff knowingly intermingled goods of S. J. McKissack, that were subject to the debts of S. J. McKissack, with goods of like character of his own, and that the sheriff levied upon the entire stock of goods so intermingled, then the plaintiff cannot recover against the defendants for the value of such stock of goods;" 11th assignment, "The court charges the jury that while possession of the goods by the plaintiff is *prima facie* evidence of his ownership, if the defendants have produced facts and circumstances in evidence, which not only cast a suspicion on the transaction by which plaintiff acquired possession, but show a state of facts which are not fairly or reasonably reconcilable with fair dealing, and honesty of purpose, then they have overcome that presumption of ownership by possession, and the burden is then on the plaintiff to reasonably satisfy you by other evidence that the property belongs to him, and failing in this, your verdict must be for the defendants."

That part of the motion asking a new trial, on ground of newly discovered evidence, is sufficiently shown by the opinion, for an understanding thereof. From a judgment refusing the motion, the defendants appealed.

H. A. PEARCE and SOLLIE & KIRKLAND, for appellant, cited;—*Lehman v. Kelly,* 68 Ala. 192; *Burns v. Campbell,* 71 Ala. 271; *Smith v. Collins,* 94 Ala. 394; *Pollak*

*v. Searcy*, 84 Ala. 263; *Birmingham El. R'y. Co. v. Clay*, 108 Ala. 233; *Birmingham R'y. L. & P. Co. v. Owens*, 135 Ala. 154; *Ib.* 375; *Peoples Sav. Bk. v. Keith*, 136 Ala. 469.

WM. C. OATES, *contra*, cited;—*Peoples Sav. Bk. v. Keith*, 136 Ala. 469; *Birmingham Trac. Co. v. Revelle, Ib.* 335; *So. Ry. v. Shelton, Ib.* 191; *Jones v. Tucker*, 132 Ala. 505.

DOWDELL, J.—The appeal in this case is prosecuted from the judgment of the circuit court overruling a motion for a new trial.

The first and second grounds of the motion were to the effect that the verdict of the jury was contrary to the evidence, or to the weight of the evidence. The third ground was based upon remarks made by plaintiff's counsel to the jury. The 4th, 5th, 6th, 7th, 8th, 9th, 10th and 11th grounds were based on specific written charges refused to the defendants. The 12th ground was for newly discovered evidence. The 3rd, 7th and 9th grounds are not insisted on in argument by counsel for appellants, and we therefore decline to notice these grounds.

The charges set out in the 4th and 5th grounds, and which were refused, were argumentative, and for this reason the court committed no error in the refusal of them.

The charges set out in the 6th, 8th and 10th grounds of the motion, if for no other reason, were properly refused as tending to mislead the jury. The mere commingling of the goods by the owner, with those of another, does not destroy the owner's property right in his own goods, unless by such commingling the identity of the goods be lost, or unless such commingling was done with a fraudulent intent and purpose.

The charge set out in the 11th ground of the motion is faulty in that it confines the plaintiff, in meeting the burden of proof shifted upon him by the conditions stated in the charge, to the introduction of other evidence showing his ownership of the property, ignoring plaintiff's right to offer evidence explanatory of the "Facts

and circumstances" introduced in evidence by the defendants, and for this reason, if no other, the charge was properly refused.

Much of the argument of counsel as to the first and second grounds, viz; that the verdict was contrary to the evidence, is directed to what counsel regard as contradictory statements in the testimony of the plaintiff, testifying as a witness in his own behalf. The witness was examined orally before the jury and in the presence of the trial judge, who had better opportunities for determining what weight should be accorded to his evidence, than this Court has.

Upon the whole evidence, which we have carefully considered, we are not prepared to say, under the rule laid down in *Cobb v. Malone,* 92 Ala. 630, that, after allowing all reasonable presumptions of the correctness of the ruling of the trial court, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it is wrong and unjust.

It is claimed that the newly discovered evidence was disclosed upon the examination of the plaintiff as a witness on the trial, and that it could not have been sooner discovered by due diligence, and that the same was material. Waiving consideration of the materiality of the evidence, it appears that this case had been pending in the court for about ten years, and there had been a former trial at which the plaintiff was examined as a witness. In the affidavits filed on the motion, it is not satisfactorily shown that the defendants could not have brought out on a cross-examination of plaintiff, when examined as a witness, the matter testified to upon the last trial, and which is claimed to be newly discovered evidence. Counsel for defendants, who conducted the cross-examination of plaintiff on both trials, admit in their affidavits that, on the former or first trial, "The principal and only defense actually made by the defendants was the liability of defendants on the bond, they assuming that the bond sued on was not a statutory bond." This being so, there was little or nothing to excite inquiry as to what merchants the plaintiff purchased the goods from, much less a diligent inquiry to that end. The plaintiff, in his affidavit on the motion,

says that, upon the first trial when he was examined as a witness, upon his examination by counsel, when asked as to where he obtained the stock of goods which was levied on by the sheriff, "He as witness aforesaid answered as fully as he was asked to tell where he obtained said goods; that he bought some from one Koerber, in Columbia, for which he paid over $500.00, and that he bought other goods from different mercantile houses in Macon, Atlanta and Columbus, Ga., Birmingham, Ala., New York and New Orleans, and for a good part of which he paid cash and a part of it he bought on time, and was in debt for a part of said stock, when they were seized by the sheriff under attachment." This statement is not denied, but stress is laid upon the proposition, that he did not give the names of the different merchants from whom he purchased and the amounts. It is not shown that he was asked to do so, and doubtless for the reason that a defense on an entirely different line, and "The only defense," was relied on.

We do not think the defendants have shown that degree of diligence necessary to meet the requirements of the rule entitling them to a new trial on the ground of newly discovered evidence.—*K. C. M. & B. R. Co. v. Phillips*, 98 Ala. 159. Furthermore, the defendants neglected and failed to claim any surprise upon the trial. See *Simpson v. Golden*, 114 Ala. 336; *The Bayonne Knife Company v. Umbenhauer*, 107 Ala. 496.

We find no reversible error in the record, and the judgment must be affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concur.