# Bennett & Co. *v.* Brooks.

## *Trover.*

(Decided April 28, 1906.   41 So. Rep. 149.)

1. *Appeal; Review; Harmless Error; Striking Special Pleas.*—Issue was joined on the general issue with leave to give in evidence any special matters of defense which might be specially pleaded. Special pleas were interposed and were stricken as being frivolous. Held not reversible error.

2. *Sales; Title of Third Persons.*—Where one purchases chattels from one not the owner thereof, such purchaser acquires no better title than his vendor had, although he purchases without notice of the infirmity in the title and for a valuable consideration.

3. *Appeal; Review; Harmless Error; Instructions.*—Where the plaintiff is entitled to the affirmative charge it is error without injury to refuse charges requested by defendant.

APPEAL from Madison Circuit Court.

Heard before HON. D. W. SPEAKE.

The complaint in this case was in the following language: "Plaintiff claims of the defendants $500 damages for the conversion by them between the months of

[Bennett & Co. v. Brooks.]

November, 1901, and September, 1902, of the following chattels, to-wit: 1,130 bales of cotton seed hulls, of the average weight of 66 2-3 pounds, the property of plaintiff. The defendant interposed the general issue and the following special pleas: "(2) The defendants for plea allege that Leo. H. Johnson did business in Huntsville, Madison county, Ala., during the period from 1901 to September, 1902; that he was a broker and wholesale dealer in corn, hay, potatoes, and other foodstuffs; that his store or warehouse was situated in Huntsville, Ala., on West Clanton street, near depot of the Nashville, Chattanooga & St. Louis Railway Company; that defendants bought corn, hay, and other produce from said Johnson's said store or warehouse at different times; that defendants purchased the cotton seed hulls, the conversion of which is sued for, from said Johnson and from his said store and warehouse in the ordinary course of trade, for a valuable consideration, and without notice of any claim of ownership or other claim to said cotton seed hulls by any one; and that defendants are bona fide purchasers for value without notice. (3) And defendants for plea allege that the plaintiff herein, George W. Brooke, did, on the 5th day of December, 1903, bring a suit in trover against Leo Johnson for conversion of cotton seed hulls, a part of which said Leo Johnson had sold defendants; and subsequently, at November, 1903, term of this court, plaintiff, Brooke, dismissed his said suit against said Johnson, and said case is numbered 3,800 on the docket of this court; and defendants allege that on the 7th of August, 1903, said Brooke bought his suit in detinue, suit numbered 3,761 on the docket of this court, against the said Johnson for cotton seed hulls, part of which had been sold to defendant, who are bona fide purchasers for value and without notice, by said Leo Johnson, who was in the business of a broker or merchant, who sold at wholesale corn, hay, and other foodstuffs from a store or warehouse, and that at the November term, 1903, of this court, said Brooke dismissed said cause; and defendants plead the dismissal of said suits brought by Brooke covering the subject-matter of this suit against said

Johnson as a defense in bar of this action. (4) Defendants say that Leo Johnson was a broker and merchant dealing in food and feed stuffs as his principal business from November, 1901, to about November, 1902, in the city of Huntsville, Ala.; that his principal business was that of a warehouseman, but he sold his own food and feed stuffs from said store or warehouse, and that defendants were customers of said Johnson and bought articles sold by said Johnson from his said store or warehouse; and that defendants bought cotton seed hulls, the conversion of which is here sued for, in the regular course of business from his said store or warehouse, and this for valuable consideration and without notice, actual or constructive, of any title or claim in another. (5) Defendants say that plaintiff became indebted to Leo Johnson for storage of a large amount of cotton seed hulls, the conversion of part of which is here sued for, and that plaintiff did not pay said Johnson when payment was requested for such storage, and that said Johnson sold part of the cotton seed hulls so stored, and applied the proceeds of such sale on what plaintiff owed for storage; that Brooke instituted two suits in this court against said Johnson, one in detinue, numbered 3,761 on the dockets of this court, and another in trover, numbered 3,800 on the docket of this court, and defendants aver that said suits were dismissed by plaintiff therein, George W. Brooke, plaintiff herein, and defendants aver that said Johnson applied the proceeds of the cotton seed hulls sold by him, stored by plaintiff, on what plaintiff owed him for storage of a large amount of cotton seed hulls, and that said Brooke, in dismissing his said suits against said Johnson, acquiesced in such sale and application of the proceeds, and that in paying his own debt in full or in part to said Johnson for storage by dismissing said suits settled and liquidated any claim which he had against said Johnson for conversion of said cotton seed hulls; and defendants plead such settlement in bar of this suit, and aver that a settlement for conversion between plaintiff and said Johnson of the said cotton seed hulls settles and wipes out any claims which plaintiff

might have against defendants, who are the vendees of Johnson. (6) Defendants say that plaintiff became indebted to Leo Johnson for storage for a large amount of cotton seed hulls, the conversion of part of which is here sued for, and that plaintiff, George W. Brooke, did not pay said Johnson when payment was requested for such storage, and that said Johnson sold part of the said cotton seed hulls so stored to defendants, the conversion of which is here sued for, and applied the proceeds of such sale on what plaintiff owed for storage, and defendants would show that said Johnson notified plaintiff that he would sell cotton seed for storage unless the storage charges were paid; and defendants aver that there is no statute in Alabama prescribing the methods of warehousemen in such case with Johnson, and directing how property stored may be sold for charges unpaid; and defendants aver that there was no contract, expressed or implied, between said Johnson and plaintiff, directing any method of sale of the stored hulls, charges remaining unpaid; and defendants aver that said Johnson had a right to sell so much of said hulls as might be necessary to pay storage charges unpaid after notice to plaintiff, the owner which was given."

On motion orally made by the plaintiff the court struck the special pleas numbered 2, 3, 4, 5, and 6, because they were frivolous, and issue was joined on the general issue, with leave to introduce in evidence any special matter of defense which might be specially pleaded under said issue. Evidence showed that plaintiff had stored a lot of hulls with Johnson as warehouseman, and had taken his receipt for the same as such warehouseman; that the hulls here sued for were sold by Johnson to the defendant; and that he had never accounted to plaintiff for the proceeds of said sale. The court directed a verdict for the plaintiff.

JERE MURPHY, JR., for appellant.—The court erred in striking pleas 2, 3, 4, 5, and 6 from the file. They set up

proper defenses.—*Trawick v. Keeble,* 8 So. 573; *Loeb v. Flash,* 65 Ala. 526; *LeGrand v. Bank,* 81 Ala. 123; *Spira v. Hornthall,* et al. 77 Ala. 137. If the defenses were not well pleaded, demurrer was the way to raise it. —*Brooks v. Continental Co.,* 29 So. 13. Appellants are not naked trespassers. The rule is that where one of two innocent persons must suffer for the wrongful act of a third person, the burden must fall upon the one who puts it in the power of such third persons who perpetrate the wrong. Authorities supra; *Pickering v. Bush,* 15 East 38; *Bernard v. Campbell,* 55 N. Y. 456; *McNeil v. Bank,* 46 N. Y. 325. The court erred in giving the general charge for plaintiff.—*Kyle v. Ward,* 81 Ala. 120; *Strauss v. Schaub,* 16 So. 693.

COOPER & FOSTER, for appellee.—No brief came to the reporter.

ANDERSON, J.—If any one of the pleas that were stricken did not come within the influence of section 3286 of the Code of 1896, then the defense attempted thereunder was available under the general issue, and the action of the court in sustaining the motion to strike was not reversible error.

The undisputed evidence showed that the hulls belonged to the plaintiff when converted by the defendants, who got them from Johnson, and, as the said Johnson had no title thereto, his vendee could acquire no better title than he had, whether purchased with or without notice of plaintiff's title and for a valuable consideration. "One who, though acting in good faith, purchases a chattel from a person in possession, but without title or authority or indicia of authority, from the true owner to sell, acquires as against the true owner, no title, and the latter may maintain trover for its conversion."—26 Am. & Eng. Ency. Law (2d Ed) p. 702; *Blackman v. Lehman,* 63 Ala. 547, 35 Am. Rep. 57; *Milner & Kettig Co. v. De Loach Mfg. Co.,* 139 Ala. 645, 36 South. 765, 101 Am. St. Rep. 63.

[Birmingham Ry. Light & Power Co. v. Oden, et al.]

The court properly gave the general affirmative charge for the plaintiff. As the affirmative charge was properly given for plaintiff, there was no error in refusing the charges requested by the defendant.

None of the evidence offered or attempted to be brought out by the interrogatories to which objection was sustained had any tendency to weaken plaintiff's title or set up other facts to defeat his recovery, and the ruling of the trial court thereon was free from error.

The judgment of the circuit court is affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.