(95 South. 7)

## LEADER v. ROMANO et al. (6 Div. 760.)

(Supreme Court of Alabama. Jan. 11, 1923.)

1. **Landlord and tenant** ⬤≈246(1) — **Statute gives landlord lien for goods enjoying protection of property.**

Code 1907, § 4747, giving the landlord of any storehouse, dwelling house, or other building a lien on the goods of the tenant and subtenant, gives a lien on those goods which enjoy the protection of the premises.

2. **Landlord and tenant** ⬤≈251(2)—**Landlord's lien on stock of merchandise is not lost by removal or sale in bulk.**

The lien of the landlord of a storehouse on a stock of merchandise is not lost by the removal of the stock from the store building nor by a sale to a purchaser with notice, except when the sale is made in the usual course of trade in the business as a merchant.

3. **Confusion of goods** ⬤≈11—**Person fraudulently mixing goods with those subject to lien must identify goods free from lien.**

The mingling and mixing with goods subject to a landlord's lien of other goods without the consent of the landlord by a tenant or purchaser, with fraudulent intent to destroy the lien, does not impair the lien, which would attach to all of the goods, unless separated by the tenant or purchaser, and the burden would rest upon the one who mixed them to identify the goods on which there was no lien.

4. **Landlord and tenant** ⬤≈258 — **Cumulative remedy by attachment does not prevent equitable enforcement of landlord's lien.**

The remedy by attachment, given by Code 1907, §§ 4748–4750, for the enforcement of the landlord's lien, given by section 4747 as amended by Gen. Acts 1919, p. 116, is a cumulative remedy, and those sections do not either expressly or impliedly affect the jurisdiction of a court of equity to enforce the liens.

5. **Equity** ⬤≈44 — **Can enforce statutory lien, though legal remedy is adequate.**

The equitable jurisdiction to enforce a statutory lien in all cases, unless the Legislature expressly or impliedly excludes the remedy in equity, is not defeated by the fact that the legal remedy for the enforcement of the lien may be adequate.

6. **Landlord and tenant** ⬤≈258 — **Equity can enforce landlord's lien when rent must be apportioned between the buildings.**

Where a storehouse and dwelling house were leased to the same tenant for a total rent not apportioned between buildings, the goods in the storehouse would be subject only to the lien for the rent for the storehouse, and equity, having all parties interested before it, can apportion the rent between the two buildings so as to determine the amount of the lien, which relief could not be rendered by any other jurisdiction.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill by A. S. Leader against Annie Romano and others to enforce a lien. Decree for respondents, and complainant appeals. Reversed, rendered, and remanded.

William Vaughan, of Birmingham, and Pinkney Scott, of Bessemer, for appellant.

The averment that the goods were removed from the store to Bessemer and commingled with other goods, for the purpose of defrauding complainant, gave the bill equity. 71 Ala. 288; 143 Ala. 191, 38 South. 1020; 68 Ala. 199; 44 Ala. 609.

Goodwyn & Ross, of Bessemer, for appellees.

A landlord has an adequate remedy at law to enforce his lien for rent due, and where there is adequate remedy at law, the chancery court is without jurisdiction. Code

1907, § 4748 (1, 3), § 3052; 27 Ala. 503; 92 Ala. 484, 9 South. 262; 68 Ala. 114; 66 Ala. 64; 54 Ala. 320; 70 Ala. 434.

MILLER, J. This is a bill in equity by A. S. Leader against Annie Romano, individually, and as executrix of the estate of Sam Romano, deceased, and against Peter Romano and Peter Romano, doing business under the name and style of the Cash Grocery Company, to enforce a lien on certain goods and store fixtures for the unpaid rent of a storehouse, and to enjoin the sale of the goods and fixtures until the rent debt is paid or secured.

The cause was submitted on demurrers of respondents to the bill. The court held that complainant had "a full and adequate remedy at law by attachment, garnishment, and trial of right of property, by suit in law side of the court"; and by decree sustained the demurrers, dismissed the bill, without prejudice, for want of equity, and taxed complainant with the cost. The complainant (appellant) prosecutes this appeal from that decree, and assigns it as error.

The bill alleges: Sam Romano is dead, "died several months ago," gives no date of death, that he left a will by which he devised all of his property to his wife, Annie Romano, and the will was duly probated. Peter Romano is the son of Sam Romano. The complainant, A. S. Leader, leased to Sam Romano and Annie Romano a storehouse on lots 1 and 2, and a dwelling house on lot 3, all in block 1 of A. S. Leader subdivision, at Madison Station in Jefferson' county, Ala., for a period of five years beginning January, 1921, and ending December 31, 1925, for the sum of $75 per month, to be paid each month in advance. The lease was in writing and was executed by the lessor and lessees. The rent was paid monthly under it until March 1922, but since then it has remained unpaid, and Annie Romano, individually, and as executrix, refuses to pay it.

After the execution of the lease, Sam Romano and Annie Romano took possession of the storehouse and dwelling house, the dwelling house was sublet by them to a tenant, and it is still subrented, and Annie Romano in her individual or representative capacity, or in both, is collecting the rent from the subtenant for the dwelling, and she and her husband, during his life, collected the rent from the tenant in the dwelling. Annie and Sam Romano filled the storehouse with groceries and feed and store fixtures, in which a general grocery store was operated by them under the style and name of Cash Grocery Store. In January or February, 1922, after the death of Sam Romano, his son, Peter Romano, "took and removed all the stock and fixtures from this storehouse and has, since removing the same, set them up and is now operating a general grocery store between Fourth and Fifth avenues on Nineteenth street in the city of Bessemer, mixing said stock and fixtures with other goods, and now claims to own the entire stock in his own name, leaving the storehouse at Madison Station vacant and locked up," and he is operating it under the name of Cash Grocery Company. The bill alleges complainant has a lien under the lease for the unpaid rent on the goods and store fixtures which were removed from the storehouse at Madison Station, and placed in this storehouse at Bessemer, and the value thereof at the time of removal was $4,000, and it has been reduced now to $3,000 in value by Peter Romano selling parts of it. The bill does not aver whether Peter Romano owns or leases the storehouse in Bessemer in which the goods and fixtures were placed that were removed from the storehouse at Madison Station, and that another lien for rent of that storehouse may be placed on them by the statute.

[1] Section 4747 of the Code of 1907 provides:

"The landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture, and effects belonging to the tenant, and subtenant, for his rent, which shall be superior to all other liens, except those for taxes."

[2] This statute was amended (Gen. Acts 1919, p. 116), but the amendment has no bearing on the matters involved in this bill; the part of the statute applicable to this cause is quoted above. This statute gives the landlord of a storehouse or dwelling house a lien for the rent on the goods, furniture, fixtures, or effects of the tenant, which enjoys the protection of the premises. Nicrosi v. Roswald, 113 Ala. 592, 21 South. 338; Andrews v. Porter, 112 Ala. 385, 20 South. 475. The lien of the landlord of a storehouse for rent on the goods, furniture, fixtures, and effects of the tenant is not lost or impaired by their removal from the store building, nor by a sale to a purchaser with notice, except when the sale is made in the usual course of trade in the business as a merchant. Andrews v. Porter, 112 Ala. 381, 20 South. 475; Weil v. McWhorter, 94 Ala. 540, 10 South. 131.

[3] The mingling and mixing of the goods which were subject to the lien with other goods not subject to the lien, so the identity of each could not be pointed out, would not impair the lien; it would rest on all the goods, when the mixing was done without the consent of the landlord by the tenant or purchaser, with fraudulent intent to thereby destroy the lien of the landlord. The lien would attach to all the goods, unless separated by the tenant or purchaser, and the burden would rest on the tenant or the purchaser, who mixed them, to separate and identify the goods on which there was a lien from those on which there was no lien. Burns v. Campbell, 71 Ala. 271, headnote 9;

Alley v. Adams, 44 Ala. 609; Lehman, Durr & Co. v. Kelly, 68 Ala. 192, headnote 6; McClendon v. McKissack, 143 Ala. 188, headnote 2, 38 South. 1020.

[4] This lien on the property of the tenant enjoying the protection of the storehouse for the rent is not dependent on the attachment for its enforcement. The lien exists independent of the statutory mode and manner for its enforcement in a court of law. Section 4747, as amended Gen. Acts 1919, p. 116, and section 4748, Code 1907. The former statute declares the lien and creates it; and the latter statute and sections 4749 and 4750 give the right of process by writ of attachment, and the mode and manner to enforce it. Westmoreland v. Foster, 60 Ala. 448. They do not, expressly or impliedly, exclude a court of equity from enforcing this statutory lien. A court of equity has jurisdiction to enforce liens, equitable or statutory, in all cases unless the Legislature, by prescribing a method for the enforcement of a statutory lien expressly or impliedly excludes the remedy in equity. Greil Bros. Co. v. Montgomery, 182 Ala. 291, 62 South. 692, Ann. Cas. 1915D, 738. This court, in Carmen & Begg v. Ala. Nat. Bk., 101 Ala. 192, 13 South. 582, in commenting on this section 4747, in an equity proceeding, speaking through Chief Justice Stone, wrote:

"This certainly secures a lien of a very high order; a lien which exists, and can be enforced, independently of a remedy by attachment given in section 3070. Westmoreland v. Foster, 60 Ala. 448; Union W. & E. Co. v. McIntyre, 84 Ala. 78, 4 So. Rep. 175. Sec, also, Espalla v. Touart, 96 Ala. 137, 11 So. Rep. 219. We hold that the remedy by attachment is cumulative, and that a resort to that writ for the enforcement of the matured part of the rent notes is no bar to the present suit. 3 Brick. Dig. 804, § 97. The averments of the bill make a case where equity alone can administer the proper relief, and enforce the paramount lien which it asserts."

[5] The complainant can enforce his lien in equity, and it is immaterial whether his remedy at law is adequate or inadequate. The attachment remedy granted by the Legislature is cumulative, and they did not thereby expressly or impliedly exclude the remedy in, or the jurisdictional right of, a court of equity to enforce the lien for the rent. Carmen & Begg v. Ala. Nat. Bk., 101 Ala. 192, 13 South. 581; Westmoreland v. Foster, 60 Ala. 448; Greil Bros. Co. v. Montgomery, 182 Ala. 291, 62 South. 692, Ann. Cas. 1915D, 738.

[6] Then, there are other reasons why a court of equity alone can render adequate relief in this cause. The complainant leased a dwelling house and a storehouse, both for $75 per month for five years, to Sam and Annie Romano. The amount of the rent of the dwelling house, which is occupied by a subtenant, is not separated from the amount of the rent of the storehouse. They are combined in a lump sum, $75 per month. The goods and fixtures in this storehouse that were removed to another storehouse, and claimed by a stranger to the lease, are not liable under this lien for the rent of this dwelling; nor is the furniture in the dwelling liable under this lien for the rent of the storehouse. A court of equity can apportion the rent, when all the parties interested are before the court, so the property that enjoyed the protection of the different buildings can bear its proper pro rata proportion of the lump sum rent for both buildings, when the dwelling house is occupied by a subtenant, and the goods and fixtures that were in the storehouse are claimed by a stranger to the lease contract.

There is equity in the bill of complaint. It is not subject to the grounds of demurrer assigned to it. The decree sustaining the demurrer is reversed, and one will be here rendered overruling it, and remanding the cause.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.