(117 So. 159)

### KINNEY v. CULLMAN COUNTY FARM BUREAU. (6 Div. 70.)

Supreme Court of Alabama. May 24, 1928.

1. **Sales** ⟊234(3)—**Defendant, buying plaintiff's fertilizer for valuable consideration, in good faith, and without notice of infirmity in seller's title, got no better title than seller had.**

Defendant, buying fertilizer owned by plaintiff and stored in seller's warehouse, for valuable consideration, in good faith, without notice of any infirmity in seller's title, got no better title than his seller had.

2. **Confusion of goods** ⟊11—**Where confusion of plaintiff's soda with other fertilizers in seller's warehouse was not willful or negligent, entire property did not belong to seller or defendant buyer.**

Where large part of soda stored by plaintiff in seller's warehouse from which defendant claimed to have purchased it had not lost its identity, and what confusion of plaintiff's soda with other fertilizers in seller's warehouse there was was not brought about by any willful wrong or culpable negligence on part of plaintiff, entire property did not belong to defendant or his seller.

3. **Trover and conversion** ⟊67—**Plaintiff being entitled to general charge in action for conversion, instruction regarding amount of recovery was not error.**

Plaintiff, being entitled to general charge in action for conversion of nitrate of soda by defendant, instruction that amount of recovery to be awarded to plaintiff was not amount claimed, but reasonable market value of whatever amount of plaintiff's nitrate of soda defendant actually took possession of and carted away from warehouse where plaintiff had stored it,

and that burden of proof as to that rested on plaintiff, was not erroneous.

**4. Appeal and error** ⊕⊃1068(5)—**Court having given general charge for plaintiff, refusal of defendant's requested charges defining plaintiff's right held not error.**

Court having given general charge for plaintiff in action for conversion, and jury having returned verdict in agreement therewith, refusal of charges requested by defendant defining plaintiff's right, though requested in what would have been proper terms had evidence as to plaintiff's right to recover been in conflict, *held* not error.

**5. Appeal and error** ⊕⊃1064(2)—**Statement amounting to nothing more than general affirmative charge with hypothesis after court stated purpose to give general charge held not reversible error.**

Court's statement, after stating its purpose to give general charge that, if after considering all evidence, and if jury obeyed instructions of court, then verdict would be, "We, the jury, find for plaintiff and assess damages at so much," which amounted to nothing more than general affirmative charge with hypothesis, *held* not reversible error.

**6. Trover and conversion** ⊕⊃37—**In action for conversion against defendant buying plaintiff's fertilizer stored in seller's warehouse, evidence regarding conversation between defendant and seller was immaterial.**

In action for conversion against defendant buying fertilizer belonging to plaintiff, but stored in seller's warehouse, evidence regarding conversation between defendant and seller as to whether whole of fertilizer or only so much belonged to plaintiff, and what it was worth, was immaterial, since it did not purport to affect, and could not affect, plaintiff's ownership.

Appeal from Circuit Court, Cullman County; James E. Horton, Judge.

Action for conversion by the Cullman County Farm Bureau against E. C. Kinney. From a judgment for plaintiff, defendant appeals. Affirmed.

F. E. St. John and A. A. Griffith, both of Cullman, and Erle Pettus, of Birmingham, for appellant.

The oral charge of the court was erroneous. Code 1923, §§ 9507, 9509; Jacobs v. State, 146 Ala. 103, 42 So. 70; Hooper v. State, 106 Ala. 41, 17 So. 679; Scott v. State, 110 Ala. 48, 20 So. 468; Southern Ry. v. Ellis, 6 Ala. App. 441, 60 So. 407; Shipp v. Shelton, 193 Ala. 666, 69 So. 102. It was error to give the affirmative charge for plaintiff. It was defendant's contention that plaintiff willfully confused its goods with those of Carothers, and defendant was an innocent purchaser. The evidence was for the jury. Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 806; Shipp v. Shelton, supra; 5 R. C. L. 1052; In re Thompson, 164 Iowa, 20, 145 N. W. 76, Ann. Cas. 1916D, 1210; First Nat. Bank v. Henry, 159 Ala. 369, 49

So. 97. The conversation between defendant and Carothers was admissible as a part of the res gestæ. Staples v. Steed, 6 Ala. App. 594, 60 So. 499; Heflin v. Slay, 78 Ala. 180; Pritchett v. Munroe, 22 Ala. 501; M. J. & K. C. v. Hawkins, 163 Ala. 565, 51 So. 37; Advertiser Co. v. Jones, 169 Ala. 196, 53 So. 759.

S. A. Lynne, of Decatur, for appellee.

One who purchases chattels from another acquires no better title than his vendor had. Barrow v. Brent, 202 Ala. 650, 81 So. 669; Bennett v. Brooks, 146 Ala. 490, 41 So. 149. The title of the true owner cannot be impaired by unauthorized acts of another. Moore & Co. v. Robinson, 62 Ala. 537; Bott v. McCoy, 20 Ala. 578, 56 Am. Dec. 223; Hentz v. The Idaho, 93 U. S. 575, 23 L. Ed. 978; Fairbanks v. Eureka Co., 67 Ala. 109; Clay v. Sullivan, 156 Ala. 392, 47 So. 153. The mere commingling of the goods by the owner with those of another does not destroy the owner's property, unless done with fraudulent intent and purpose. If Carothers caused or permitted the confusion or intermingling, this did not impair plaintiff's title. McClendon v. McKissack, 143 Ala. 191, 38 So. 1020; Sims v. Glazener, 14 Ala. 695, 48 Am. Dec. 120. If, after the intermixing, plaintiff's goods could be easily distinguished, no changes of property took place. Alley v. Adams, 44 Ala. 609. Under the evidence in this case, a directed verdict would have been proper. Harris v. State, 215 Ala. 56, 109 So. 291; Bynum v. Hewlett, 137 Ala. 333, 34 So. 391.

SAYRE, J. [1] The farm bureau sued Kinney for the value of 33 tons of nitrate of soda converted by defendant. Defendant testified that he had bought the soda in good faith from a third person. Carothers, the third person in question, in whose warehouse the soda was stored at the time of the alleged conversion, denied that he had intended to sell plaintiff's soda to defendant, and testified that he had sold only some other fertilizer of his own which was in the same warehouse, and that defendant had carted away plaintiff's soda without his knowledge or consent. But this difference between defendant and Carothers was immaterial; for, although defendant bought for a valuable consideration, in good faith, and without notice of any infirmity in his vendor's title, he got no better title than his vendor had. Bennett v. Brooks, 146 Ala. 490, 41 So. 149; Barrow v. Brent, 202 Ala. 650, 81 So. 669.

The real defense was that plaintiff had caused an intermingling of its soda with other fertilizing material in the warehouse, the property of Carothers, so that its property was incapable of identification and separation, wherefore the whole mass became the property of Carothers, and, through Carothers, vested in defendant. It will be conceded

that, if by reason of plaintiff's willful wrong or culpable negligence its property became mingled in an indistinguishable mass with that of defendant or defendant's vendor, the entire property belonged to defendant or his vendor whose property right was thus invaded. But, if he consented to the confusion no change of property right followed. And, if the goods could be distinguished and separated, no change in property right takes place. Alley v. Adams, 44 Ala. 609; Burns v. Campbell, 71 Ala. 271, 288; McClendon v. McKissack, 143 Ala. 188, 38 So. 1020; Baer v. Mobile Cooperage Co., 159 Ala. 491, 504, 49 So. 92; 12 C. J. p. 491, § 3 et seq. Judge Story, Bailments (8th Ed.) § 40, deduces from the authorities the rule which appellant would apply in this case:

"If the mixture is undistinguishable, and a new ingredient is formed, not capable of a just appreciation and division, according to the original rights of each, then the party who occasions the wrongful mixture must bear the whole loss."

Nothing to the contrary of any of these authorities was said in Dickens v. Dickens, 174 Ala. 345, 56 So. 806, to which appellant refers. So of Lehman, Durr & Co. v. Kelly, 68 Ala. 192, and Leader v. Romano, 208 Ala. 635, 95 So. 7.

[2] The trial court, having these rules of law in mind, gave the general affirmative charge for the plaintiff. In the evidence there appeared two good reasons why error cannot be imputed to that action. The evidence showed without contradiction that a large part at least of the soda stored by plaintiff in the warehouse, whence defendant claimed to have purchased it, had not lost its identity; and, in the second place, what confusion of plaintiff's soda with other fertilizers in the warehouse there may have been was not brought about by any willful wrong or culpable negligence on the part of plaintiff. Indeed, the evidence points strongly to the conclusion that such intermingling as there may have been of a part of the goods of plaintiff and those of defendant or defendant's vendor was produced by defendant when, immediately after his purchase from the warehouseman, he removed the goods to his own warehouse. But we do not place the decision in this case on that fact, for it may be conceded that there was a conflict in the evidence as to whether a part of plaintiff's soda may have been mingled with some of the other fertilizers which defendant's vendor had in his warehouse.

[3] Plaintiff being entitled to the general charge, it cannot be held for error that the court explained to the jury that the amount of the recovery to be awarded to plaintiff was not the amount claimed, but the reasonable market value of whatever amount of plaintiff's nitrate of soda the defendants actually took possession of and carted away from the warehouse where plaintiff had stored it, and that the burden of proof as to that rested upon plaintiff—indeed, it was the duty of the court to instruct the jury in those or equivalent terms.

[4] Likewise, the court having given the general charge for plaintiff, and the jury having returned a verdict in agreement therewith, the refusal of other charges requested by defendant defining plaintiff's right, though requested in what would have been proper terms had the evidence as to plaintiff's right to recover been in conflict, cannot be held for error.

[5] Nor did the court commit reversible error when, after having stated its purpose to give the general charge, it said to the jury:

"If after considering all the evidence, and if you obey the instructions of the court to you, then your verdict would be, We, the jury, find for the plaintiff, and assess the damages at so much."

This statement to the jury, though open, perhaps, to criticism as to the form in which it was cast, amounted to nothing more than the general affirmative charge with hypothesis, for so the court had instructed the jury.

[6] There was no error in the rulings on questions of evidence. What passed in conversation between defendant and Carothers at the time when defendant purchased stuff in the warehouse, whether the whole of it or only so much as belonged to plaintiff, and what it was worth, was wholly immaterial, since it did not purport to affect, nor could in anywise affect, plaintiff's ownership of the nitrate of soda, which, indeed, was not denied.

There is no error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.