(137 So. 392)

**VEST v. BOND BROS.**

8 Div. 333.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

Lynne & Lynne, of Decatur, for appellant.

Julian Harris and A. J. Harris, both of Decatur, for appellee.

BOULDIN, J.

Bond Brothers sued Addie Vest in detinue for certain lumber. There was verdict for defendant. On motion of plaintiff, a new trial was granted. The appeal is from this order.

Plaintiff relies for recovery on the doctrine of confusion of goods.

It appears in evidence that the plaintiff, owner of a tract of some 405 acres timbered land, engaged E. C. Walker, a sawmill man, to cut and manufacture the timber into cross-ties.

Walker acquired the timber on several neighboring tracts; located a mill at a convenient site, and manufactured the timber from the south end of plaintiff's land along with his own. The sidings, one inch boards, made as a by-product in sawing the ties, constitute, in the main, the lumber in controversy.

The evidence strongly shows these sidings, coming from plaintiff's timber and from Walker's timber, were intermingled and stacked together on the mill yard. Defendant Vest thereafter purchased the whole from Walker, with notice of plaintiff's claim.

Under the ancient civil law, one who intermingled another's goods with his own so that they became inseparable was liable only in damages as for a conversion. But by the common law, the owner is not thus shorn of his property, still in being, by the wrongful act of another; hence, the rule: Where the owner of goods, intentionally or negligently so mingles them with the goods of another that they become inseparable, the latter not consenting thereto, nor in any way at fault, is entitled to the whole. Burns v. Campbell, 71 Ala. 271; McClendon v. McKissack, 143 Ala. 191, 38 So. 1020; Kinney v. Cullman County Farm Bureau, 217 Ala. 569, 117 So. 189; Alley .v. Adams, 44 Ala. 609; Sims v. Glazener, 14 Ala. 695, 48 Am. Dec. 120.

This rule, often severe in application, does not obtain, save perhaps in case of actual intent to defraud, if the substantial rights of both parties may be otherwise attained.

So, if goods of the same kind and value are intermingled, so that the party not at fault may be protected by giving him an aliquot part of the whole, this is the measure of his right. Sims v. Glazener, 14 Ala. 695, 48 Am. Dec. 120; Willard v. Cox, 9 Ala. App. 439, 63 So. 781; 12 C. J. p. 495, § 10; 5 R. C. L. p. 1054, § 8.

In such case, it is the legal right of the party whose goods have been so intermingled by another to peaceably take possession and segregate his aliquot portion. Sims v. Glazener, supra.

It results that he may maintain detinue and recover a quantity of the homogeneous mixture equal to his portion. 5 R. C. L. p. 1056, § 10; 12 C. J. p. 498, § 14; Nashville Lumber Co. v. Barefield, 93 Ark. 353, 124 S.

554

W. 758, 20 Ann. Cas. 968; Rust Land & Lumber Co. v. Isom, 70 Ark. 99, 66 S. W. 434, 91 Am. St. Rep. 68, and note; Note to 101 Am. St. Rep. 924.

■ It is not a case of tenancy in common, each the owner of an undivided interest in the whole, but of a severable part in an admixture to which the party not at fault is entitled to an exclusive possession.

The case of Reeves v. Reeves, 207 Ala. 362, 92 So. 551, where the major portion of the property involved was held in the usual relation of tenants in common, and Smith v. Rice, 56 Ala. 417, cited in the Reeves Case, are not analogous, and are to be differentiated from the case in hand.

■ To limit the recovery, however, to a quantity of the common lot equal to that of the party whose goods have been so wrongfully intermingled by another, the quantity of his goods must be ascertainable. If unknown, the burden is on the author of confusion, or those standing in like position, to produce the evidence of quantity which will warrant an apportionment. Leader v. Romano, 208 Ala. 635, 95 So. 7; Wilson v. Windham, 213 Ala. 31, 104 So. 232; Lehman, Durr & Co. v. Kelly & Bro., 68 Ala. 192; 12 C. J. p. 494, § 9; 5 R. C. L. p. 1057, § 12.

■ Applying these principles to the case before us, we observe: The clear weight of the evidence is that the sidings coming from the logs of plaintiff were intermingled with those coming from Walker's timber, all stacked together as they came from the saw, and all or some of them are in the lot of lumber sued for. That this was intentionally done is clear.

This by-product, in the absence of agreement, express or implied, to the contrary, was the property of the owner of the logs. Walker admits there was no agreement that he should have them.

Defendant produced no evidence of the quantity of plaintiff's lumber so intermingled, nor evidence from which it could be reasonably ascertained, such as the number, grade, and comparative size of the logs of the respective parties from which the lot of lumber in dispute was derived, nor the quantity of ties in number or measurement.

We are convinced, under the well-known rule in such cases, the order granting a new trial in general terms may properly be referred to the weight of the evidence. Other grounds of the motion need not be considered.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.