232 So.2d 627

**INTERNATIONAL PAPER COMPANY**

v.

**Harvey L. RABREN, as Commissioner of Revenue, State of Alabama.**

**3 Div. 389.**

Supreme Court of Alabama.

April 16, 1970.

Johnstone, Adams, May, Howard & Hill, Brock B. Gordon, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen. and Counsel, Dept. of Revenue, William H. Burton, Asst. Atty. Gen. and Asst. Counsel, Dept. of Revenue, for appellee.

HARWOOD, Justice.

The International Paper Company, Inc., filed a bill seeking a declaration that under the requirements of our Forest Products Severance Tax Act, as amended, it had no right or duty to report, collect, and pay over to the State any severance tax on pulpwood chips, and that no lien was imposed on the pulpwood chips or the products manufactured therefrom where International, in good faith, has purchased said chips from a sawmill.

The State filed its answer, and a hearing was had.

The material portion of the facts was stipulated by the parties.

This stipulation shows that International purchases pulpwood chips under contract with certain sawmills in the State of Alabama, and also other neighboring states.

A majority of the sawmills cut the chips from slabs and edgings which are residue from the logs left over from cutting them

into timber. Some few sawmills may be cutting chips from regular logs, or pulpwood logs, and selling chips so cut to International.

Sawmills selling pulpwood chips to International under contract often include in their shipments of chips, via rail hopper cars or motor vans, pulpwood chips processed from timber cut in several counties, or from timber cut in two or more states, as well as from timber cut in foreign countries. Shipments frequently contain intermixed chips manufactured or processed from two or more of these sources, so that only part of the chips are taxable.

The sawmills producing the chips know and record, or have access to information in respect to the source of the logs.

It is customary for agents of the State Department of Revenue to make periodic audits and inspections of the records of sawmills and paper mills.

The complainant presented two witnesses in the hearing below, and the State presented three. We have read the testimony of these witnesses and do not consider the effect of their testimony of any substantial probative force in our consideration of this review. Fundamentally, our conclusions must rest upon an interpretation of the Forest Products Severance Tax Act, and amendments thereto.

The Act was passed and approved in 1945. See Act No. 169, appvd. June 23, 1945, Acts of Alabama 1945, p. 285.

The amendments were passed in 1955, and in 1967. See Act No. 385, appvd. September 9, 1955, Acts of Alabama 1955, Vol. II, p. 921, and Act No. 763, appd. September 9, 1967, Acts of Alabama 1967, Vol. II, p. 1619.

The provisions of the Act, as amended, may be found as Secs. 231(2)–231(29), Title 8, Michie's Recompiled Code, 1958, and the pocket parts thereto. References to the Act as amended, will hereinafter be to the provisions as found in the Recompiled Code, and the pocket parts thereto.

As originally passed, in the definition section, (Section 231(2), Title 8, Recompiled Code 1958), it is provided that the term "forest products" means "logs, timber, pulpwood, chemical wood, bolts, * * *."

Also in Sec. 231(2), in subsection (h) thereof, it is provided that the term "manufacturer" as applied to pulpwood means the person who operates the paper mill.

Under Sec. 231(4) of the original Act, entitled "Measure of Tax," it is set forth in subsection 3, "On pulpwood, chemical wood, bolts six (6¢) cents per standard cord of one hundred twenty-eight (128) cubic feet."

While these provisions were in force and prior to the 1967 amendment, the State Department of Revenue made an assessment against International Paper Company for an additional assessment of severance taxes for the calendar year 1959. This tax was claimed to be due on pulpwood chips made from slabs, edgings, or residue sawed from logs in manufacturing lumber. The Circuit Court, on appeal from such assessment, set the same aside.

On appeal this court affirmed on the basis that at the time the Forest Products Severance Tax Act was passed in 1945, "wood chips" were commercially unknown, and the residue from sawed logs (slabs and edgings) were considered waste material, and "pulpwood" was shown by the evidence to mean at the time small round logs from 52 to 75 inches in length. The court concluded therefore that the legislative intent was to tax "pulpwood" i. e., small logs, and not material considered waste material at the time the Act was passed. See State v. International Paper Company, 276 Ala. 448, 163 So.2d 607.

Apparently to meet this holding Sec. 231 (4) "Measure of Tax" was amended in 1967 by adding the following:

"11. On pulpwood chips, ten (10¢) cents per cord of a standard cord of 5,000 lbs.

"Round wood pulpwood on which the tax has been paid shall not be subject to an additional tax when converted into chips."

After the hearing, the court decreed that pulpwood chips, including those made from slabs, edgings, and residue are included within the term "pulpwood" and were made taxable under the 1967 amendment, and further, that under the terms of the Forest Products Severance Tax Act the appellant paper mill is the "manufacturer" as defined in the Act, and is required by the Act to collect the tax on pulpwood chips, report it, and pay it over to the State.

■ It is the contention of counsel for the appellant paper mill that because the original Forest Products Severance Tax Act, defines only pulpwood as being a forest product, and does not mention "pulpwood chips," and the section was not changed by the 1967 amendment by adding "pulpwood chips" as a forest product, the paper mill cannot be deemed a "manufacturer" of pulpwood because of its handling of pulpwood chips, and therefore it is under no duty to collect, report, and pay over any tax relating to pulpwood chips.

Of course, if pulpwood chips are to be considered as a form of pulpwood because of the 1967 amendment, counsel's argument must fall.

As before stated, the basis of the *International Paper Company* case, supra (276 Ala. 448, 163 So.2d 607), was that pulpwood chips were unknown at the time of the passage of the Forest Products Severance Tax Act in 1945, and the legislature could not be deemed to have intended to tax pulpwood chips under the elemental principle that a statute levying a tax is to be construed against the taxing power and liberally in favor of the taxpayer.

Since the original Act was passed, it is clear that paper mills purchase wood for their paper manufacturing processes both in the form of small logs and in the form of wood chips. Because of this new development, the legislature in the 1967 amendment fixed a measure of tax on "pulpwood chips," specifically providing in the amendment that "round wood pulpwood on which the tax has been paid shall not be subject to an additional tax when converted into chips."

We think it clear from the full terms of the amendment the legislature, in fixing a measure for the taxation of pulpwood chips, intended that "pulpwood" would apply to the now recognized two forms of pulpwood, i. e., small round logs, and pulpwood chips. This being so, no need arose for the legislature to amend the original Act defining pulpwood as a forest product, nor the further provision in the original Act that, as applied to pulpwood, the paper mill is deemed the manufacturer thereof.

■ Counsel for appellant further contends that since Sec. 231(8) of the Act requires that the "manufacturer" shall file a statement under oath showing the kinds of forest products and quantity, the county or counties in which they were severed, and the quantity, if any, severed outside Alabama, the legislature did not intend to require one not an actual manufacturer to furnish sworn statements on hearsay information.

The sawmill from whom the paper mill purchases the pulpwood chips is the only one having actual knowledge of the place of origin of the wood from which the pulpwood chips are made, argues counsel.

Under the testimony of Mr. William W. Winter, an official of International:

"The round logs, the truck driver delivering the logs, or the shipper shipping a rail car identifies the county origin, State and county origin."

If appellant can make the required reports on this basis in the case of small round logs, we see no reason why the same could not be done when pulpwood chips are involved, rather than round logs.

The evidence shows that pulpwood chips purchased from different parties are sometimes stored in the same bins or silos.

The evidence shows that pulpwood chips are so nearly similar in kind and quality as to be considered fungible goods. When goods of this type are intermingled in a common mass, and the amounts contributed by each owner is known, the rights of each owner in the common mass is easily solved by treating each as an owner of his aliquot portion in the common mass. See Brown on Personal Property, Sec. Ed., Sec. 31.

By analogy it would seem that where taxable and non taxable pulpwood chips are intermingled by the paper mill, the burden is upon the paper mill to establish what portion of the pulpwood chips are not taxable. See Leader v. Romano, 208 Ala. 635, 95 So. 7; Burns v. Campbell, 71 Ala. 271.

In brief counsel for appellant states:

"Despite the very lengthy Assignments of Error, each of which will be argued, this case presents a very simple question."

We agree with counsel that by and large only a single question is presented on this review. However, counsel's argument in support of the 22 assignments of error, tends to question the simplicity of the question. Be that as it may, what we have written above we think disposes of the errors alleged in assignments 4 through 22.

Assignments of error 1, 2, and 3 relate to the court's rulings on objections interposed by appellant to certain questions. We have examined these rulings. Only general grounds were interposed in support of the objections. It appears to us the objections were without merit. Counsel for appellant have cited no authorities to support their argument under either of these assignments. Furthermore, we cannot see that in any event the answers could probably affect any substantial right of the appellant.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.